ACCEPTED
01-15-00058-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/29/2015 4:20:09 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00058-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/29/2015 4:20:09 PM

CHRISTOPHER A. PRINE
Clerk

**IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS**

_____

**JAMIE GENENDER ,**
*Appellant,*

**v.**

**LARRY KIRKWOOD
AND USA STORE FIXTURES, LLC,**
*Appellees.*

_____

On Appeal from the 55th Judicial District Court
of Harris County, Texas, Cause No. 2013-59766

_____

## BRIEF OF APPELLANT

_____

Jan Woodward Fox
Tex. Bar No. 07334500
Cameron Weir
Tex. Bar No. 24088616
JAN WOODWARD FOX
PROFESSIONAL LEGAL CORPORATION
440 Louisiana Street, Suite 900
Houston, Texas 77002-4205

*Counsel for Appellant*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Jan Woodward Fox and Cameron Weir, Jan Woodward Fox A Professional Legal Corporation, 440 Louisiana Street, Suite 900, Houston, TX 77002, trial counsel for Appellant Jamie Genender, hereinafter "Genender".

Jerrad D. Bloome, Weycer Kaplan, Pulaski, and Zuber, 11 Greenway Plaza, Suite 1400, Houston, Texas 77046, trial counsel for Appellees Larry Kirkwood, hereinafter "Kirkwood" and USA Store Fixtures, LLC, hereinafter "USA".

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...........................................................ii

TABLE OF CONTENTS……………………………………………………………iii

INDEX OF AUTHORITIES.......................................................................vii

STATEMENT OF THE CASE......................................................................xiv

STATEMENT REGARDING ORAL ARGUMENT...........................................xvi

ISSUES PRESENTED....................................................................................xvii

STATEMENT OF FACTS.....................................................................................1

SUMMARY OF ARGUMENT .............................................................................7

APPLICABLE LEGAL STANDARDS .................................................................9

ARGUMENT.......................................................................................................12

I.      THE DISTRICT COURT ERRED IN GRANTING SUMMARY
        JUDGMENT AS TO GENENDER'S DTPA CLAIMS ORIGINALLY
        FILED IN COUNTY COURT AS §16.064 TEX. CIV. PRAC. & REM. CODE
        APPLIED AND TOLLED THE APPLICABLE LIMITATION
        PERIOD…………………………………………………………………….12

        A.      Summary of the Argument…………………………………………..12

        B.      Interpretation of §16.064 TEX. CIV. PRAC. & REM. CODE, the savings
                statute, its predecessor, and the purpose of the limitations affirmative
                defense.………………………………………………………………15

        C.      Savings statute's liberal interpretation of what constitutes dismissal and
                the courts' common law severance procedure tantamount to
                dismissal……………………………………………………………..19

D.    The County Court's lack of jurisdiction in a direct proceeding entitled Genender to the protection of the savings statute and her voluntary non-suit of the severed case had no effect on its application……………...21

II.    THE DISTRICT COURT ERRED IN DISMISSING GENENDER'S DTPA UNCONSCIONABILITY CLAIM FOR APPELLEES' COURSE OF CONDUCT INCLUDING THEIR AGENT'S TRESPASS AS THERE IS NO SPECIFIC SUMMARY JUDGMENT EVIDENCE OR EVEN ARGUMENT OFFERED BY APPELLEES ON THIS CLAIM…………25

III.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO GENENDER'S FRAUD CLAIM AS RES JUDICATA DOES NOT PRECLUDE A CAUSE OF ACTION IN ONE CASE BECAUSE IT COULD HAVE BEEN ARGUED AS AN AFFIRMATIVE DEFENSE IN ANOTHER……………………………...26

A.    Summary of the Argument…………………………………………..26

B.    USA and Kirkwood's proposition that not asserting an affirmative defense of fraud to a contract action forecloses a cause of action for fraud in a subsequent suit due to res judicata (claim preclusion) is not supported by the case law…………………………………………..27

C.    USA and Kirkwood's motion conflates claim preclusion with issue preclusion and meets the statutory burden for neither ………………29

IV.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO GENENDER'S DTPA DISTANT FORUM ABUSE CLAIM, AS THE CREDIT CARD AGREEMENT - THE TRUE CONTRACT AT ISSUE – WAS ENTERED INTO FOR PRIMARILY PERSONAL REASONS……………...…………………………………...34

V.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO GENENDER'S CLAIMS OF UNFAIR DEBT COLLECTION PRACTICES AS USA AND KIRKWOOD ARE DEBT COLLECTORS WHO, THROUGH THEIR AGENT, VIOLATED THE TEXAS DEBT COLLECTION ACT AND THE DTPA…………………39

VI.    THE DISTRICT COURT ERRED IN GRANTING A NO EVIDENCE MOTION FOR SUMMARY JUDGMENT AS TO GENENDER'S TRESPASS CLAIM AS THERE IS A FACT ISSUE AS TO WHETHER THE ULTERIOR MOTIVE OF USA AND KIRKWOOD'S AGENT INTERFERED WITH GENENDER'S RIGHT OF POSSESSION.......43

CONCLUSION AND PRAYER FOR RELIEF...................................................54

CERTIFICATE OF SERVICE...............................................................................56

CERTIFICATE OF COMPLIANCE.......................................................................57

APPENDIX

1.    Plaintiff's Second Amended Original Petition……………………………..58

2.    Order for Interlocutory Summary Judgment…………………………………69

3.    Order Granting Defendants' Second Motion for Summary Judgment and No-Evidence Motion for Summary Judgment……………….……….……72

4.    Plaintiffs' Plea to the Jurisdiction and Motion to Dismiss Defendant's Counterclaims (County Court) …………………..……………….………..75

5.    Order on Plaintiff's Plea to the Jurisdiction and Motion to Dismiss and on Defendants' Motion for Severance and to Consolidate…..........…..............81

6.    Texas Rule of Civil Procedure 574a (Repealed)……………….....……..84

7.    Texas Civil Practice and Remedies Code §16.064………………….........86

8.    Deceptive Trade Practices Act §17.46(b)(23)……………………………..88

9.    Texas Finance Code Ann. §392.304(a)(19)………………………………90

10.   Opinion – Cause No. 14-14-00048-CV; Jamie Genender and Critter Stuff, LLC v. USA Store Fixtures, LLC….…………………………………..92

11.   Plaintiff's Original Petition (JP Court)…………………………………..110

12. Defendant's First Amended Answer and Original Counterclaim (County Court)…………………………………………………………………….112

13. Defendant's Answer (Justice Court and County Court) ………………...120

14. Judgment for Defendant Before the Court (Justice Court)………………122

15. Plaintiff USA Store Fixture's Amended Original Petition (County Court)……………………………………………………………….…124

16. Letter of Appeal (Justice Court to County Court)………………………..130

17. Video Exhibit introduced in CC………………………………………132

# INDEX OF AUTHORITIES

## *Cases*

*Adedipe v. Guardian Transfer & Storage, Inc.,* 14-10-00752-CV, 2011 WL 61862 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, no pet., not designated for publication)……………………………………………………………………….23

*Alaniz v. Hoyt*, 105 S.W.3d 330 (Tex. App. — Corpus Christi 2003, no pet.)……9

*Ali v. State*, 742 S.W.2d 749 (Tex. App.— Dallas 1987, writ ref'd)……………..49

*Almanza v. Navar,* 225 S.W.3d 14 (Tex. App. — El Paso 2005, no pet.)…..…….52

*Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793 (Tex. 1992)…...........…24

*American Industries Live Ins. Co. v. Ruvalcaba,* 64 S.W.3d 126 (Tex. App. — Houston [14th Dist.] 2001 pet. denied)……………………………...………....50

*Ayre v. J.D. Bucky Allshouse, P.C.*, 942 S.W.2d 24 (Tex. App.— Houston [14th Dist.] 1996), writ denied)………………………………………………….…31

*Barnes v. Bituminous Cas. Corp.*, 495 S.W.2d 5 (Tex. App. — Amarillo 1973, writ ref'd n.r.e..)……………………………………………………………….20

*Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165 (Tex. App. — Houston [1st Dist.] 2012, pet. denied)……………………………………...……….31, 33

*Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627 (Tex. 1992)……………………………………………………………….29, 30

*Beathard Joint Venture v. W. Houston Airport Corp.*, 72 S.W.3d 426 (Tex. App.—Texarkana 2002, no pet.)………………………………………….26

*Bhalli v. Methodist Hosp.*, 896 S.W.2d 207 (Tex. App. — Houston [1st Dist.] 1995,writ denied)…………………………………………………………11

*Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984)……………30, 31

*Bracken v. Wells Fargo Bank, N.A.,* 2014 WL 31778 (E.D. Tex. 2014) ………..41

*Brown v. Fullenweider*, 135 S.W.3d 340, 342 (Tex. App. — Texarkana 2004, pet. denied)…………………………………………………………………………………...15

*Burford v. Sun Oil Co.,* 186 S.W.2d 306, 310 (Tex. Civ. App.—Austin 1944), writ refused W.O.M. (Apr. 25, 1945)……………………………………………………19

*Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965)…………...…18

*Burton Constru. & Shipbuilding Co. v. Broussard,* 273 S.W.2d 598 (Tex. 1954)…………………………………………………………………………....43, 53

*Carlisle v. J Weingarten, Inc.,*137 S.W.2d 1073 (Tex. 1941)…………………..50

*Carter v. Charles*, 853 S.W.2d 667, 672 (Tex. App. — Houston [14th Dist.] 1993, no writ)…………………………………………………………………………....31

*Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986)……………….……..32

*Century 21 Page One Realty v. Naghad*, 760 S.W.2d 305 (Tex. App. — Texarkana 1988, no writ)……………………………………………….….47

*Chacon v. Andrews Distrib. Co. Ltd.*, 295 S.W.3d 715 (Tex. App. — Corpus Christi 2009, pet. denied)…………………………………...…………..…9, 15, 16

*Champion v. Vincent*, 20 Tex. 811 (1858)…………………………………45

*City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979)……………………………………………………………...…11

*Clary Corp. v. Smith*, 949 S.W.2d 452 (Tex. App. — Fort Worth 1997, pet. denied)…………………………………………………………………16, 22

*Clayton v. Richards*, 47 S.W.3d 149 (Tex. App. — Texarkana 2001, pet. denied)…………………………………………………………….44, 47, 49

*Culbertson v. Tisdale*, 01-97-01020-CV, 1999 WL 82612 (Tex. App. — Houston [1st Dist.] Feb. 4, 1999, no pet.)……………………………………………...33

*Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870 (S.D. Tex. 2013) on

reconsideration, 6:11-CV-00047, 2014 WL 585403 (S.D. Tex. Feb. 14, 2014)…………………………………………………………………………….40

*El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362 (Tex.1993)…………..31

*Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728 (Tex. App. — Dallas 1993, no writ)…………………………………………………………………………41

*Fenno v. Sam Reece Air Conditioning & Heating, Inc.*, 572 S.W.2d 810 (Tex. App.—Houston [14th Dist.] 1978, no writ)……………………………….…20

*First Bank of Deer Park v. Harris County*, 804 S.W.2d 588, 593 (Tex. App.— Houston [1st Dist.] 1991, no writ)…………………………………………..29

*Ford v. City State Bank of Palacios*, 44 S.W.3d 121 (Tex. App. — Corpus Christi 2001, no pet.)………………………………………………………….38

*French v. Gill*, 252 S.W.3d 748 (Tex. App. — Texarkana 2008, pet. denied)…………………………………………………………………………16

*Garza v. Bancorp Group, Inc.*, 955 F. Supp. 68 (S.D. Tex. 1996)……………..38

*Gen. Mills Restaurants, Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827 (Tex. App. — Dallas 2000, no pet.)…………………………………………………….....45

*Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571 (Tex.1975)…………32

*Getty Oil v. Insurance Co. of N. America*, 845 S.W.2d 794 (Tex.1992)………..30

*Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970)…………10, 11

*Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex. 1965)………………………………………………………………….10

*Griffen v. Big Spring Indep. Sch. Dist.*, 706 F.2d 645 (5th Cir. 1983)………18, 19

*Hatmaker v. Farmers Texas County Mut. Ins. Co.,* 14-98-00552-CV, 1999 WL 459788 (Tex. App.—Houston [14th Dist.] July 8, 1999, no pet., not designated for publication)……………………………………………………………….20

*Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 195 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.)……………………………………………………………….31

*Henry v. Williams*, 132 S.W.2d 633 (Tex. App. — Beaumont 1939, no writ)….45

*Hotvedt v. Schlumberger Ltd.* (N.V.), 914 F.2d 79 (5th Cir. 1990), opinion withdrawn and superseded on reh'g, 942 F.2d 294 (5th Cir. 1991)………….16, 23

*Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78 (Tex. 2008)……..……28

*Jeanes v. Henderson*, 688 S.W.2d 100 (Tex.1985)…………………………………30

*Long Island Trust Co. v. Dicker*, 659 F.2d 641 (5th Cir.1981)…………………..18

*Mayer v. Willowbrook Plaza Ltd. P'ship,* 278 S.W.3d 901 (Tex. App. — Houston [14th Dist.] 2009, no pet.)……………………………………………51, 52, 53

*McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337 (Tex.1993)………26

*McDaniel Bros. v. Wilson*, 70 S.W.2d 618 (Tex. App. — Beaumont 1934, writ ref'd)……………………………………………………………………………..45

*McNeil Interests, Inc. v. Quisenberry*, 407 S.W.3d 381 (Tex. App. — Houston [14th Dist.] 2013, no pet.)……………………………………………..34

*Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572 (Tex. App. — Houston [14th Dist.] 1981, no writ)…………………………………………………….45

*Monroe v. Frank*, 936 S.W.2d 654 (Tex. App. — Dallas 1996, no writ)......................................................................................37, 40, 41

*Montes v. Indian Cliffs Ranch, Inc.,* 946 S.W.2d 103 (Tex. App. — El Paso 1997, writ denied)………………………………………………………………51

*Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984)………………………..9, 10

*Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546 (Tex. 1985)……………9, 10

*Olivier v. Snowden,* 426 S.W.2d 545 (Tex. 1968)…………………………………50

*Oncor Elec. Delivery Co., LLC v. Murillo,* 01-10-01123-CV, 2013 WL 5372544 (Tex. App. Sept. 26, 2013)……………………………………………………..53

*Phillips v. Allums*, 882 S.W.2d 71, 74 (Tex. App. — Houston [14th Dist.] 1994, writ denied)……………………………………………………………30

*Priddy v. Bus. Men's Oil Co.*, 241 S.W. 770, 773 (Tex. Civ. App.—Amarillo 1922), writ granted (Oct. 4, 1922), aff'd, 250 S.W. 156 (Tex. Comm'n App. 1923)………………………………………………………………24

*Prof'l Sec. Patrol v. Perez*, 01-12-00506-CV, 2013 WL 4478020 (Tex. App. — Houston [1st Dist.] Aug. 20, 2013, no pet.)…………………………………..48

*Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003)………10, 39

*Renfro Drug Co. v. Lewis,* 235 S.W.2d 609 (Tex. 1951)………………………..50

*Rowland v. City of Corpus Christi,* 620 S.W.2d 930 (Tex. App. — Corpus Christi 1981, writ refd n.r.e.)……………………………………………………….51

*Richmond Condos. v. Skipworth Commerical Plumbing, Inc.*, 245 S.W.3d 646 (Tex. App. — Fort Worth 2008, pet. denied)…………………………………..48

*Rosas v. Buddie's Food Store,* 518 S.W.2d 534 (Tex. 1975)…………………….50

*Sax v. Votteler,* 648 S.W.2d 661 (Tex. 1983)…………………………………….21

*Smith v. Huizar*, 1860 WL 5812 (Tex. 1860)…………………………………46

*Stanley v. Hicks*, 272 S.W.2d 917 (Tex. App. — Waco 1954, no writ)………..23

*State Farm Fire and Casualty Co. v. Gross*, 818 S.W.2d 908 (Tex. App. — Austin 1991, no writ)……………………………………………………………41

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex.2004)……….9

*Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314 (Tex.2002)…………………15

*Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979)…28

*Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50 (Tex.1970)…………..11

*Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex.1997)……………..45

*Twyman v. Twyman,* 790 S.W.2d 819, 821 (Tex. App.—Austin 1990), writ granted (Dec. 19, 1990), rev'd, 855 S.W.2d 619 (Tex. 1993)……………………25

*United Food & Commercial Workers Intern. Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508 (Tex. App. — Fort Worth 2014, no pet.)…………..……………..46

*United States v. Torres*, 751 F.2d 875 (7th Cir.1984)………………………………49

*Vale v. Ryan*, 809 S.W.2d 324 (Tex. App. — Austin 1991, no writ)..….19, 20, 24

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656 (Tex. 2005)………………..10

*Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345 (Tex. App. — Houston [1st Dist.] 2001, no pet.)……………………………………………11

*Weaver v. KFC Management, Inc.,* 750 S.W.2d 24 (Tex. App. — Dallas 1988, writ denied)………………………………………………………………51

*Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975)…..9

*Winston v. Am. Med. Intern., Inc*., 930 S.W.2d 945, 954 (Tex. App.—Houston [1st Dist.] 1996), writ denied (June 12, 1997)……………………………………17

*Woods v. William M. Mercer, Inc*., 769 S.W.2d 515 (Tex.1988)………………..15

**Statutes and Rules**

Deceptive Trade Practices Act §17.46(b)(23)……………1, 6, 26, 34, 35, 36, 38

Federal Debt Collection Protection Act, 15 U.S.C.A. §1692a………..………40

Tex. Civ. Prac. & Rem. Code §16.064…………1, 5, 7, 12, 13, 14, 15, 16, 17, 22

Texas Disciplinary Rule of Professional Conduct 4.02…………………………48

Tex. Fin. Code Ann. § 392………………………………..………6, 39, 40

xii

Tex. Gov't. Code Ann. § 312.006(a)…………………………………………………37

Tex. Rev. Civ. Stat. Ann. art. 5539……………………………………16, 17, 19

Tex. R. Civ. P. Rule 94……………………………………….……………15

Tex. R. Civ. P. 574a [repealed]…………………………4, 23, 27, 29, 31, 33

## *Publications*

*Handbook of the Law of Torts* § 46 (4th ed.1971)……………….……………47

*Texas Civil Practice* § 17.20 (rev. ed. 1984)…………………………………..20

Restatement (Second) of Torts § 332(1) and (2) (1965)…………………………50

*Statute Permitting New Action after Failure of Original Action Commenced within Period of Limitation, as Applicable in Cases Where Original Action Failed for Lack of Jurisdiction,* 6 A.L.R.3d 1043 (1966)……………….……………20

Webster's Third New Int'l Dictionary 1686 (1981)……………………..37

**STATEMENT OF THE CASE**

**Nature of the Case:** This case is an appeal of orders granting summary judgment against all of Genender's causes of action including DTPA violations, fraud, improper debt collection practices under §392 of the Tex. Fin. Code, and trespass. (CR 144-153)

**Trial Court:** This is an appeal from the 55th District Court of Harris County. Some of the DTPA claims involved were originally filed in the Harris County Civil Court at Law Number 1, which was an appeal from two cases heard by the Harris County Justice of the Peace, Precinct 3, Place 1.

**Procedural Disposition:** After a credit card dispute process was decided in the customers' favor and the money paid for a shipment of used shelving was recredited, the merchant, USA Store Fixtures, LLC, brought suit in the Justice of the Peace Court against the customer Jamie Genender, and her company Critter Stuff, LLC ("Critter Stuff"). (APP 11) Upon an unsuccessful result, USA appealed to the County Court at Law. (APP 16) Genender brought counterclaims for Deceptive Trade Practices Act violations and upon the Court's determination that it had no jurisdiction to hear these claims, as not brought in the Justice Court, she refiled the DTPA claims in District Court. (CR 6-13) Genender amended her petition to include claims for DTPA violations, Texas Debt Collection Act violations, trespass, and fraud. (CR 144-153) On June 19, 2014, the Court signed

an interlocutory Order granting summary judgment in favor of USA and Kirkwood on Genender's DTPA claims originally brought in the County Court which accrued before October 4, 2011, based on the affirmative defense of statute of limitations. (CR 142-143, APP 2) On October 13, 2014, the Court signed a second summary judgment order in favor of USA and Kirkwood as to all of Genender's remaining claims, making the same a Final Judgment in the case. (CR 490-491, APP 3) Genender filed a Motion for New Trial which was denied by Order on November 24, 2014. (CR 511) Genender timely filed her Notice of Appeal on January 9, 2015. (CR 515-517)

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument. The facts of this case span two states and more than three years. The procedural background of this case is also intricate as it is an appeal from a District Court case involving the same core facts and certain operative orders as a County Court case, which was itself an appeal from the Justice Court. The County Court's judgment has since been reviewed by the Fourteenth Court of Appeals, which reversed in part. Appellant believes oral argument may facilitate deliberations for this Court as the factual and procedural history underlying the issues to be determined is fairly detailed and voluminous and can be placed in context through oral argument.

# ISSUES PRESENTED

1. Whether the County Court's act of granting USA's Plea to the Jurisdiction and Motion to Dismiss and severing Appellant's DTPA claims for lack of jurisdiction pursuant to former TEX. R. CIV. P. 574a (which was applicable at the time on an appeal of a Justice Court decision), was sufficient to invoke the savings provision of Section 16.064 of the Texas Civil Practice and Remedies Code such that the limitations period was tolled and Genender's refiling of her DTPA claims in the District Court was timely.

2. Whether Genender's DTPA unconscionability claim related to Appellees' course of conduct which include causing their agent to trespass upon her property can be dismissed by summary judgment when Appellee's motion never specifically challenged or raised any affirmative defenses as to that cause of action.

3. Whether the availability of an unplead and unlitigated affirmative defense of fraud to USA's contract claims in the County Court can operate to bar on res judicata grounds Genender's fraud claims in the District Court, especially when fraud was not available to Genender as a cause of action in the County Court because of Rule 574(a) TEX. R. CIV. P..

4. Whether Genender had consumer status under the DTPA §17.46(b)(23) because the contract at issue was the extension of credit secured by Genender's cardholder agreement, made a part of the credit card sale contract with USA, and was sufficiently personal in nature to demonstrate Genender's standing to bring a cause of action against USA for abuse of a distant forum in violation of DTPA §17.46(b)(23).

5. Whether USA and Kirkwood's private investigator agent's use of fraudulent, deceptive and misleading representations for obtaining information concerning Genender were in furtherance of Appellees' efforts to collect a debt from her and raises a fact issue as to whether violation of the Texas Debt Collection Act occurred.

6. Whether the entry gained to Genender's premises by deceit interfered with her right of possession of those premises and raises a fact issue as to trespass.

# STATEMENT OF FACTS

The District Court in two orders (CR 142-143, APP 2 and CR 490-491, APP 3) which are the subject of this appeal granted final summary judgment as to all of Genender's causes of action (CR 146-151) on the following grounds:

1. ***DTPA claims first filed in County Court.*** The District Court ruled that Genender's DTPA claims which accrued before October 4, 2011 were barred by limitations. (CR 258) It held specifically that §16.064 of the Civil Practices and Remedies Code did not apply to toll limitations where a prior filing was not dismissed but severed, because the court lacked jurisdiction.(CR 142)

2. ***DTPA claims first filed in District Court***. The District Court dismissed all of Genender's remaining DTPA claims in its second summary judgment order. The Court specifically noted that the transaction at issue in Genender's DTPA distant forum abuse claim was not primarily personal as required for §17.46(b)(23) to apply. The Court gave no reason for dismissing Genender's DTPA unconscionability claim which accrued after October 4, 2011. (CR 490)

3. ***Improper debt collection practices***. The Court dismissed Genender's Texas Debt Collection Act and DTPA violation claims based upon USA and Kirkwood's summary judgment motion alleging that the private investigator

1

they sent to enter Genender's store and secretly videotape her was not a "debt collector" as required under the statute. (CR 490 and 263-264)

4. *Fraud*. Genender's fraud claims against USA and Kirkwood were dismissed on res judicata grounds on the argument that fraud could have been, but was not, asserted as an affirmative defense to USA's contract claim in its appeal to the County Court. (CR 490 and 264-272)

5. *Trespass.* The Court granted a no evidence motion for summary judgment on the grounds that there was less than a scintilla of evidence that USA and Kirkwood's agent's actions in entering her property on false pretenses, misrepresenting his intentions and secretly recording Genender interfered with Genender's right of possession. (CR 490 and 272)

The underlying facts at issue plead in Genender's petition are as follows. Using her personal credit card, Genender purchased used shelving online in Wisconsin from USA, a Harris County business. (CR 7) USA shipped the shelving to Genender in Wisconsin, but the quantity and quality of the shelving she received as well as USA's response to her concerns were completely unacceptable to Genender. Genender filed a dispute with her credit card company that resulted in a chargeback to USA. (CR 8) Instead of abiding by the determination of the credit card dispute process, USA sued both Genender individually and Critter Stuff, LLC (a pet store she was opening) in the Harris County Justice of the Peace Court,

alleging not only $10,000 in damages, but also claims for fraud, defamation, and slander. (CR 8, APP 11)

Genender, representing herself *pro se*, filed an answer denying that she was indebted to USA in the amount of $10,000 and denying the causes of action alleged by USA in its petitions. (APP 13)

On May 23, 2012 in Harris County Justice of the Peace court, Precinct 3, Place 1, the Court entered a take nothing judgment in favor of Genender and her then co-Defendant Critter Stuff. (CR 8 and APP 14)

USA appealed the result of the JP Court case in a trial *de novo* to the Harris County Civil Court at Law ultimately alleging claims of breach of contract, negligent misrepresentation, fraud, fraud in the inducement, and quantum meruit. (APP 15)

After the Justice of the Peace Court ruled in Genender's favor and USA filed the appeal to the County Court, Genender filed her DTPA counterclaims with the County Court on July 30, 2012. (APP 12)

On or about October 26, 2012, a private investigator hired by USA and Kirkwood was able to gain entry to Genender's pet supply store by falsely representing himself to be a pet owner in need of supplies. His true purpose was to take secret video of Genender and her property and to collect information for USA and Kirkwood to use in their pending lawsuit against Genender, as well as her

business Critter Stuff, LLC. Genender was not aware of the true identity and purpose of the man to whom she had granted entry to her store until USA's counsel produced the secret recording on January 9, 2013, two and a half months later. (CR 434-435 and 437-438)

Over a year after Genender filed her Original Petition in County Court, and with the trial set to begin on August 19, 2013, USA filed a Plea to the Jurisdiction and Motion to Dismiss Appellant's Counterclaims on July 25, 2013. (APP 4) This was two years and two months after the shelving sale in question.

At the hearing on August 6, 2013 on USA's motion, the County Court determined that it had no jurisdiction of Genender's DTPA counterclaims because they were a new ground of recovery and/or a counterclaim not asserted in the JP Court and, therefore, not maintainable in the Appeal pursuant to Texas Rule of Civil Procedure 574a. The Court also found that it lacked jurisdiction over USA's newly asserted claim of negligent misrepresentation. (APP 5) Ultimately, the parties proceeded to trial on the contract claims, while the claims and counterclaims to which the Plea to the Jurisdiction and Motion to Dismiss were granted were severed into a new cause in County Court. (APP 5) The Court declined to entertain Genender's motion to consolidate the severed causes of action with the appeal for trial. (CR 216-221)

On October 4, 2013, fifty-three (53) days following the Court's order,

4

Genender filed her Original Petition with the District Court (CR 6-13) Thereafter, on October 18, 2013, following the filing of the severed causes of action in a court of proper jurisdiction (the District Court) within the sixty days allotted by §16.064 Tex. Civ. Prac. & Rem. Code, a joint motion was filed to non-suit the causes of action that were severed because of the County Court's ruling that it lacked jurisdiction in the action in which the claims were first filed. (CR 214-215)

At the end of the trial in the County Court on the parties' breach of contract claims, the jury found in favor of USA and awarded a judgment for damages in the amount of $2,303.42 plus attorneys' fees. (CR 64-66) Genender appealed to the Fourteenth Court of Appeals (Cause No. 14-14-00048-CV). The Fourteenth Court of Appeals affirmed the judgment as to actual damages, but reversed the award of attorneys fees. (APP 10)

When Genender refiled the claims the County Court had severed for lack of jurisdiction, she added Kirkwood, the owner and prime actor of USA, as a defendant; and she added a claim for trespass and a DTPA claim for the unconscionable actions and/or course of action taken by USA and Kirkwood which resulted in and ratified their agent's misrepresentations used to gain entry to Genender's property and secretly film her and her premises for use in their lawsuit against her. Genender later amended her District Court petition to include a claim against USA and Kirkwood for their trespass as an improper debt collection

5

practice in violation of §392.304(19) of the Texas Finance Code and the DTPA. (CR 8-11, 16-20)   Genender also added a claim under DTPA §17.46(b)(23) for USA and Kirkwood's actions in filing suit against her based on contract in Harris County (the JP and County Court cases), despite their knowledge that that was not the county in which she lived or signed the contract. (CR 18)  In Plaintiff's Second Amended Original Petition, filed July 21, 2014, Genender added claims for fraud against USA and Kirkwood. (CR 144-153, APP 1)

On June 19, 2014 the Court signed an Order granting Summary Judgment in favor of Kirkwood/USA on Genender's DTPA claims. (APP 2, CR 142-143) The Court also noted in that same Order that, "the Plaintiff [Genender] has raised material issues of fact related to Defendants' alleged trespass on October 26, 2012," denying Summary Judgment on that claim. (Id.) The Court clarified its order on September 8, 2014 when it stated that "its June 19, 2014 Order on Appellees' Motion for Summary Judgment granted summary judgment only as to those DTPA claims of Appellant which were originally filed in the County Court and which accrued before October 4, 2011." (CR 258)

It was following this ruling, on July 21, 2014, that Genender filed her Second Amended Original Petition, adding a claim of fraud against USA and Kirkwood. (APP 1, CR-144-153)

On October 13, 2014, the Court granted USA and Kirkwood's Second Motion for Summary Judgment and No Evidence Motion for Summary Judgment as to all claims, making the same a Final Judgment. (CR 490-491, APP 3)

Appellant timely filed her Motion for New Trial on November 12, 2014 and her Notice of Appeal on January 9, 2015. (CR 492-500; CR 515-517)

## SUMMARY OF ARGUMENT

Genender seeks reversal of two orders by the District Court granting USA and Kirkwood's motions for summary judgment, which, together, granted a final judgment against Genender on all of her causes of action, including: DTPA misrepresentation and unconscionability violations, fraud, DTPA distant forum abuse violation, DTPA and Texas Finance Code debt collection violations, and trespass. The Court erred in granting summary judgment as to Appellant's pre – October 4, 2011 DTPA claims originally brought in the County Court because the statute of limitations for these causes of action was tolled by the "savings clause" of Section 16.064 of the Texas Civil Practice and Remedies Code, the County Court having severed that action for lack of jurisdiction.

The District Court erred in granting summary judgment as to Genender's fraud cause of action on res judicata grounds, as fraud was neither plead nor litigated in the County Court. It was neither mandatory that it be litigated nor was it within the jurisdiction of the County Court to entertain it as a cause of action in

7

the appeal from the JP Court.

The District Court erred in granting summary judgment as to Genender's Distant Forum DTPA claim, as the contract on which Genender was sued in a distant forum was a contract for the extension of credit primarily for her personal use and Genender, therefore, has standing as a consumer for DTPA distant forum claim purposes.

The District Court erred in granting summary judgment on Genender's claims of unfair debt collection practices as there are ample fact issues regarding the "debt collector" status of USA, Kirkwood, and their admitted agent who, uninvited and unsolicited, came on to Genender's property under false pretenses in connection with their ulterior purpose of secretly videotaping Appellant and her personal property to gather information on a consumer for use in litigation concerning an alleged debt.

The District Court erred in granting a no-evidence summary judgment on Appellant's claim of trespass as issues of material fact exist as to the invitee status of Kirkwood and USA's agent.

**APPLICABLE LEGAL STANDARDS**

*General standard for review of orders granting defendants summary judgment*

The standards for reviewing a motion for summary judgment are well established. As mandated by the Texas Supreme Court, they are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex.1975).

The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a trial by jury. *Chacon v. Andrews Distrib. Co. Ltd.*, 295 S.W.3d 715, 721 (Tex. App.—Corpus Christi 2009, pet. denied); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex.App.-Corpus Christi 2003, no pet.).

9

The standard for appellate review of a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's causes of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In an appeal from a summary judgment, the standard of review and presumptions favor reversal of the judgment. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) On appeal, the granting of a motion for summary judgment is reviewed *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Because evidence that favors the movant will not be "considered unless it is uncontroverted" and because it is reviewed *de novo*, the usual presumption that the judgment was correct does not apply. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965)

*Standard for review of summary judgment based on affirmative defenses of limitations and res judicata*

Where, as here, part of the defendants' motion for summary judgment is based on affirmative defenses, the defendants have the burden to prove conclusively each element of each affirmative defense relied upon, as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *City of*

*Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). Unless the movant conclusively establishes the affirmative defenses, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of affirmative defenses. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970)

*Standard of appellate review of no-evidence summary judgment as to trespass*

The District Court granted Appellees' no-evidence motion for summary judgment as to Appellant's claim for trespassing. A no-evidence summary judgment is essentially a pretrial directed verdict, and a reviewing appellate court applies the same legal sufficiency standard in reviewing a no-evidence summary judgment as is applied in reviewing a directed verdict. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 350 (Tex.App.-Houston [1st Dist.] 2001, no pet.)

*Standard for disposing of entire case by summary judgment*

Summary judgment for a defendant that disposes of the entire case is proper only if, as a matter of law, the plaintiff could not have succeeded upon any of the theories in its petition. *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 209 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

11

**ARGUMENT**

**I. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO APPELLANT'S DTPA CLAIMS ORIGINALLY FILED IN COUNTY COURT AS §16.064 TEX. CIV. PRAC. & REM. CODE APPLIED AND TOLLED THE APPLICABLE LIMITATION PERIOD**

As noted above, Genender successfully defended herself from USA's claims in Justice of the Peace Court, USA appealed to the County Court. (CR 8 and APP 14) Genender filed counter claims for USA's DTPA violations. (APP 12) Upon the County Court's determination that it did not have jurisdiction to hear these counter claims and declined to consolidate the severed claims with the appeal for trial, Genender refiled them in District Court. (CR 6-13) The parties non-suited the case created by the County Court's decision to sever rather than dismiss the claims it did not have jurisdiction to hear. (CR 214-215)

The District Court granted USA and Kirkwood's motion for summary judgment on limitations grounds as Genender's pre – October 4, 2011 DTPA causes of action originally filed in County Court accrued more than two years before they were filed in District Court. (CR 142-143 and 258)

**A. Summary of the Argument**

To summarize the arguments below, Section 16.064 of the Texas Civil Practice and Remedies Code (§16.064 Tex. Civ. Prac. & Rem. Code), the "savings statute", preserves causes of action which are dismissed for lack of jurisdiction if

12

they are refiled in a court of proper jurisdiction within 60 days of the date of dismissal. In support of its ruling that §16.064 Tex. Civ. Prac. & Rem. Code did not apply to toll the statute of limitations on Genender's pre October 4, 2011 DTPA claims, the District Court specifically cited Genender's voluntary non-suit of the case created when the County Court determined that it did not have jurisdiction to hear her DTPA counterclaims and severed them into a new case. (CR 142) As discussed below, the non-suit of the severed County Court case had no operative effect in this circumstance as Genender had already filed her suit in District Court (a court of proper jurisdiction) within the period provided by the savings statute.

The pre October 4, 2011 DTPA claims filed in County Court accrued more than two years before the County Court granted USA's motion to dismiss on jurisdictional grounds and thus, more than two years before Genender refiled them in District Court. However, §16.064 Tex. Civ. Prac. & Rem. Code provides a tolling provision for litigation initially filed in a court without jurisdiction, if suit is filed in a court of proper jurisdiction within 60 days of the dismissal, as was done in the case at hand. With regard to this set of facts, it was the action of the County Court in ruling that it had no jurisdiction of Appellant's DTPA claims in the action in which they were first filed that triggered Appellant's right to the relief afforded by §16.064 Tex. Civ. Prac. & Rem. Code. Appellant timely availed herself of that

13

relief by filing suit in the District Court (CR 6); and the subsequent nonsuit of the new County Court case, created by the Court's jurisdictional severance had no legal effect because suit was properly and timely filed in a court of proper jurisdiction, the District Court, and would have had to be either dismissed by the Plaintiff or by the Court in order for the District Court to proceed, as the same causes of action may not be maintained simultaneously in different courts.

The District Court's interpretation of the savings statute was too narrow and is contrary to a wealth of case law supporting a liberal interpretation in support of its objective, granting relief from limitations. Further, the savings statute case law prescribes that courts applying the savings statute use a liberal standard for what constitutes dismissal. Under such a liberal standard, and in light of the open courts doctrine discussed below, the courts' common law practice of severing rather than dismissing claims they did not have jurisdiction to hear on appeal would still satisfy the dismissal requirement for savings statute application purposes.

Finally, the District Court's ruling ran contrary to a strict reading of the statutory language of §16.064 Tex. Civ. Prac. & Rem. Code which supports the proposition that only what happens in the direct proceeding is significant, and the case law which holds that a subsequent non-suit has no effect on the application of the savings statute.

14

**B. Interpretation of §16.064 TEX. CIV. PRAC. & REM. CODE, the savings statute, its predecessor, and the purpose of the limitations affirmative defense.**

The applicability of §16.064 Tex. Civ. Prac. & Rem. Code is a question of law, which the appellate court reviews *de novo*. *Chacon v. Andrews Distrib. Co. Ltd.*, 295 S.W.3d 715, 721 (Tex. App.— Corpus Christi 2009, pet. denied); *Brown v. Fullenweider*, 135 S.W.3d 340, 342 (Tex.App. — Texarkana 2004, pet. denied) (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002)). Limitations is an affirmative defense, and a defendant asserting limitations must plead, prove, and secure findings on that issue. Tex. R. Civ. P. 94; *Woods v. William M. Mercer, Inc*., 769 S.W.2d 515, 517 (Tex.1988).

The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> Tex. Civ. Prac. & Rem. Code §16.064.

Genender filed the District Court suit within 60 days of the date the Court granted USA's Motion to Dismiss on jurisdiction grounds and severed the case. As a result, the tolling provision applied and the statute of limitations had not expired.

15

Courts liberally construe the savings statute so that the tolling of limitations can be applied under a variety of circumstances. *Chacon v. Andrews Distrib. Co.*, Ltd., 295 S.W.3d 715, 722 (Tex.App. – Corpus Christi 2009, pet. denied). Case law also notes that the statute is to be liberally construed to effectuate its objective - relief from penalty of limitations bar to one who mistakenly brought his action in the wrong court. *French v. Gill*, 252 S.W.3d 748, 750 (Tex. App. – Texarkana 2008, pet. denied) citing *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App. – Fort Worth 1997, pet. denied)

The Texas Legislature codified Tex. Rev. Civ. Stat. Ann. art. 5539 (Vernon 1958) as Tex. Civ. Prac. & Rem. Code §16.064 (Vernon 1986). After careful consideration of both, the Fifth Circuit determined that "the legislature merely intended a codification of the statute. In others words, there is no substantive difference between the old statute and the new." *Hotvedt v. Schlumberger Ltd.* (N.V.), 914 F.2d 79, 82 (footnote 11) (5th Cir. 1990), opinion withdrawn and superseded on reh'g, 942 F.2d 294 (5th Cir. 1991)

Analysis of the predecessor statute, Art. 5539a Tex. Rev. Civ. Stat. Ann., is, therefore, useful in determining the application of Tex. Civ. Prac. & Rem. Code §16.064.

Tex. Rev. Civ. Stat. Ann. art. 5539a provides:

When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want

16

of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction.
Tex. Rev. Civ. Stat. Ann. art. 5539a (Vernon 1958)

A plain reading of Article 5539a's language concerning the dismissal, "…dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of want of jurisdiction of the Trial Court in which such action shall have been filed… after such dismissal or other disposition" supports the proposition that Section 16.064 and its predecessor require lack of jurisdiction in the direct proceeding as the primary issue and that dismissal is to be liberally interpreted. Houston's First Court of Appeals urged reliance on the "many cases mandating a liberal construction of the [savings] statute." *Winston v. Am. Med. Intern., Inc.*, 930 S.W.2d 945, 954 (Tex. App.—Houston [1st Dist.] 1996), writ denied (June 12, 1997)

Granting the summary judgment relief requested by USA and Kirkwood, despite the applicability of TEX. CIV. PRAC. & REM. CODE §16.064 does not further the policy goals of limitations. In a Fifth Circuit case deciding whether Tex. Rev. Civ. Stat. Ann. art. 5539a [the statutory predecessor to Tex. Civ. Prac. & Rem. Code §16.064] would apply when the first suit was in a court of a different

state, the Court stated:

> "Finally, we note that Dicker's suggested rule would not further the policies that ordinarily provide justification for the results otherwise created by statutes of limitations. Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitations and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965).… [where, as here, a defendant has notice] the defendant has no one but himself to blame if evidence is lost, memories fade, and witnesses disappear."
> *Griffen v. Big Spring Indep. Sch. Dist.*, 706 F.2d 645, 650 (5th Cir. 1983); *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 647 (5th Cir.1981).

Appellees had notice of Genender's DTPA claims from the time they were originally filed in County Court, July 30, 2012. Further, Appellees were given notice that Genender had refiled them in District Court before the parties moved jointly to non-suit the case created by the County Court's severance. There is no question that Appellees had sufficient notice of Genender's DTPA claims to preserve evidence and witnesses for their defense and that application of limitations under these circumstances would not promote their purpose.

**C. Savings statute's liberal interpretation of what constitutes dismissal and the courts' common law severance procedure tantamount to dismissal.**

Beyond being liberally interpreted in general to effectuate its purpose, under Texas law, the savings statute is also to be liberally interpreted with respect to what constitutes a dismissal. *Griffen v. Big Spring Indep. Sch. Dist.*, 706 F.2d 645, 651 (5th Cir. 1983); *Burford v. Sun Oil Co.,* 186 S.W.2d 306, 310 (Tex. Civ. App.—Austin 1944), writ refused W.O.M. (Apr. 25, 1945) ("[I]t is clear that the Act [5539a] was intended to cover every case where the effect of the final judgment or order of the first court was tantamount to a dismissal because the action was mistakenly but in good faith brought in the wrong court. In other words, the effect of the court judgment or order and not its form or the name by which it is called is the determining factor.")

In a case determining that a Federal court's refusal to exercise jurisdiction was tantamount to a dismissal for lack of jurisdiction necessary to invoke the savings statute, the Austin Court of Appeals held that "the effect of the order as one of dismissal for want of jurisdiction cannot be obviated by means of nomenclature. And this is true in the instant case regardless of the distinction in a proper case between want of jurisdiction and refusal to exercise it." *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ)

The Court further noted that the savings statute applies "whether the

19

dismissal is one for want of jurisdiction of the subject matter or one based upon the *impropriety of exercising jurisdiction in a particular action.*" 4 McDonald, *Texas Civil Practice* § 17.20, at 123 (rev. ed. 1984) (emphasis added); *see also* Annotation, *Statute Permitting New Action after Failure of Original Action Commenced within Period of Limitation, as Applicable in Cases Where Original Action Failed for Lack of Jurisdiction,* 6 A.L.R.3d 1043 (1966).

Thus, a severance for lack of jurisdiction, which is analogous to a dismissal for lack of jurisdiction, despite its different nomenclature, makes the tolling provision applicable. Further, the County Court's declining to entertain Defendants' Motion for Joint Trial after severance (CR 216-221) was tantamount to a dismissal "based upon the impropriety of exercising jurisdiction in a particular matter." *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ).

It is well settled that when a court lacks jurisdiction in a matter, the only valid action it may take is dismissal. (See e.g., *Fenno v. Sam Reece Air Conditioning & Heating, Inc.*, 572 S.W.2d 810, 811 (Tex. App. — Houston [14th Dist.] 1978, no writ); *Barnes v. Bituminous Cas. Corp.*, 495 S.W.2d 5, 11 Tex. Civ. App.—Amarillo 1973, writ ref'd n.r.e..) Thus, for many years, when a counterclaim was found to be inappropriately filed in a JP Appeal, the appropriate action to be taken by the Court was dismissal. See, e.g., *Hatmaker v. Farmers Texas County Mut. Ins. Co.,* 14-98-00552-CV, 1999 WL 459788 (Tex. App.—Houston [14th

Dist.] July 8, 1999, no pet., not designated for publication) ("When faced with this situation, the proper procedure is to dismiss any added claims over which the court lacks jurisdiction.") Recognizing, however, that the defendant had an absolute right to file its counterclaim as an original action, some courts determined that the "better practice" for judicial economy upon dismissal from the action in which it was first filed, was to sever it into a new case to be dealt with separately.

However, what may be procedurally convenient and economical cannot act to deprive the counterclaimant of her due process and open courts rights to select the forum of proper jurisdiction in which she will proceed. *Sax v. Votteler,* 648 S.W.2d 661, 665 (Tex. 1983) (The test for an open courts-due process violation is whether the statute unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of others.) It was these rights that Genender was exercising in filing suit in the District Court. The County Court's choice that the action be refiled in County Court cannot bind the claimant to that forum when others are available.

**D. The County Court's lack of jurisdiction in a direct proceeding entitled Genender to the protection of the savings statute and her voluntary non-suit of the severed case had no effect on its application.**

There is no question that the County Court ruled it lacked jurisdiction of the claims in the action where it was first filed and there is no question that Appellant commenced her action in a different court, the District Court – a court of proper

21

jurisdiction – within sixty days of the Court's ruling.

The pertinent portion of subsection (a)(1) is that the action must be dismissed by the trial court *where the action was first filed* [and] *in a direct proceeding.* (Emphasis added). Only the Court's actions in the direct proceeding are to be considered for application of this section. The non-suit of Appellant's severed claims in County Court occurred in a separate proceeding and can have no bearing on the applicability of section 16.064. The trial court *where the action was first filed* had already determined that it did not have jurisdiction to hear the claims, ordered them refiled in a separate case in the County Court before the claims were non-suited, and did not grant Genender's motion to consolidate them for trial. "The plain language of both section 16.064 ('second filing ... in a different court') and its predecessor ('commencement in the second court') indicates that the legislature intended the saving statute to apply only to cases refiled in a different court after dismissal, not in the same court." *Clary Corp. v. Smith*, 949 S.W.2d 452, 460 (Tex. App. – Fort Worth 1997, pet. denied.)

As discussed below, so long as the claimant commences the action in a different court of proper jurisdiction not later than 60 days after the date the dismissal or other disposition becomes final, the claimant would be free to file, non-suit, and refile an action.

The grounds for the Court's Order on Appellees' Motion for Summary

22

Judgment state that, because Appellant filed a voluntary nonsuit, the case did not qualify as one dismissed because the court lacked jurisdiction. (CR 142-143) However, based upon the County Court's determination that Appellant's pre October 4, 2011 DTPA claims had not been raised in the JP Court and its application of Tex. R. Civ. P. 574a [repealed], the County Court did not have jurisdiction over the claims in the action in which it was first filed, the JP Appeal. *Adedipe v. Guardian Transfer & Storage, Inc.,* 14-10-00752-CV, 2011 WL 61862 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, no pet., not designated for publication) citing *Stanley v. Hicks*, 272 S.W.2d 917, 919 (Tex.Civ.App.-Waco 1954, no writ). The Fifth Circuit Court of Appeals addressed the application of the Texas saving statute to such a situation in a case in which a claim was filed in California and stayed for forum non conveniens, then non-suited and refiled in Texas state court. *Hotvedt v. Schlumberger Ltd. (N.V.)*, 914 F.2d 79 (5th Cir. 1990) (Opinion withdrawn and superseded on reh'g on other grounds, 942 F.2d 294 (5th Cir. 1991).

The Fifth Circuit initially held [although ultimately it re-determined the case on California state law grounds] that the California Court's ruling of forum non conveniens was tantamount to a finding of no jurisdiction which it held was the operative act for application of the Texas savings statute.[1] It went on to rule that

---

[1] This is similar to the Austin Court of Appeals ruling discussed earlier, in which a court's decision not to exercise jurisdiction was held to be effectively a dismissal for lack of

23

Plaintiff's later nonsuit of the California action had no bearing on the application of the saving statute. *Id* at 82.

The Fifth Circuit's original opinion as it applied the Texas saving statute was cited with approval in a Texas Supreme Court concurring opinion. (See concurring and dissenting opinion in *Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 800 (Tex. 1992).) The "issue presented [application of the saving statute when the trial court ruling amounted to dismissal] had already been answered correctly based on Texas law" in the Fifth Circuit's first opinion. *Id* at 800, Footnote 8.

Further, Genender had refiled her claims in the District Court before moving jointly to with Appellees to nonsuit the new County Court suit. The new case created by the County Court would have had to be either dismissed by the Plaintiff or by the Court in order for the District Court to proceed, as the same causes of action may not be maintained simultaneously in different courts. *Priddy v. Bus. Men's Oil Co.*, 241 S.W. 770, 773 (Tex. Civ. App.—Amarillo 1922), writ granted (Oct. 4, 1922), aff'd, 250 S.W. 156 (Tex. Comm'n App. 1923) ("If the two suits [between the same parties and for the same cause of action] had been still pending at the same time [a] plea in abatement was filed that would have required the party [maintaining the same cause of action in two suits] to dismiss one and pay the cost

---

jurisdiction in applying the Texas saving statute. See *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ).

before proceeding with the other.")

## II. THE DISTRICT COURT ERRED IN DISMISSING GENENDER'S DTPA UNCONSCIONABILITY CLAIM FOR APPELLEES' COURSE OF CONDUCT INCLUDING THEIR AGENT'S TRESPASS AS THERE IS NO SPECIFIC SUMMARY JUDGMENT EVIDENCE OR EVEN ARGUMENT OFFERED BY APPELLEES ON THIS CLAIM.

USA and Kirkwood failed to address or raise any arguments supporting the dismissal of Genender's DTPA cause of action for their unconscionable acts or course of action through and including causing their agent to trespass upon Genender's property on or about October 26, 2012. In analyzing an unconscionability claim under Texas law, the courts have recognized that no single incident can fairly be identified as the cause of harm, but rather the cumulative effect of the continuous chain of tortious activity must be analyzed, and as such apply the tolling concept of continuing tort to bring the entire course of conduct within the statute of limitations if any part of it is. *Twyman v. Twyman,* 790 S.W.2d 819, 821 (Tex. App.—Austin 1990), writ granted (Dec. 19, 1990), rev'd, 855 S.W.2d 619 (Tex. 1993)

Both of the summary judgment orders signed by the District Court use broad language which *seems* to encapsulate and dismiss all of Genender's DTPA causes of action, however, the Court clarified its first order to state that only those claims which were originally filed in County Court *and which accrued before October 4, 2011* were barred by limitations and dismissed under that order.

25

In their next motion for summary judgment, USA and Kirkwood alleged specific affirmative defenses and bars to recovery against Genender's other remaining causes of action, with the sole exception of her DTPA unconscionability claim. Despite Appellees' failure to specifically raise summary judgment against or address this claim, the District Court's second summary judgment order dismissed "all of Plaintiff's claims for violations of the Deceptive Trade Practices Act." The Court hand wrote its specific holding as to Genender's DTPA claim under §17.46(b)(23) and the summary judgment arguments raised against it but neglected to provide any rational for dismissing Genender's DTPA unconsionability claim. It is well settled that a trial court cannot grant summary judgment on a ground not asserted in the motion. *Beathard Joint Venture v. W. Houston Airport Corp.*, 72 S.W.3d 426, 436 (Tex. App.—Texarkana 2002, no pet.); citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

**III. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO GENENDER'S FRAUD CLAIM AS RES JUDICATA DOES NOT PRECLUDE A CAUSE OF ACTION IN ONE CASE BECAUSE IT COULD HAVE BEEN ARGUED AS AN AFFIRMATIVE DEFENSE IN ANOTHER.**

**A. Summary of the Argument**

The District Court erroneously granted summary judgment as to Appellant's fraud claims based upon USA and Kirkwood's affirmative defense of res judicata. (CR 490-491) The crux of Appellees' argument to the District Court was that

Genender's claim for fraud was precluded by the availability of fraud as an affirmative defense to USA's contract claim in County Court, an affirmative defense which was neither asserted nor litigated by Genender.[2] There is no statutory or case law support cited by USA and Kirkwood for an application of res judicata under these circumstances. The ruling is not supported by the essential elements required for either claim preclusion or collateral estoppel. With respect to claim preclusion, Larry Kirkwood was not a party to the JP Court case or the County Court appeal; and, through the operation of Rule 574a [repealed], the County Court did not have jurisdiction to hear Appellant's fraud claims against Larry Kirkwood or USA.

Finally, the District Court's grant of summary judgment as to Appellant's fraud claim had the effect of granting collateral estoppel or issue preclusion rather than res judicata or claim preclusion, even though Appellees pleaded for relief on res judicata grounds and failed to meet the burden for either claim or issue preclusion.

### B. USA and Kirkwood's proposition that not asserting an affirmative defense of fraud to a contract action forecloses a cause of action for fraud in a subsequent suit due to res judicata (claim preclusion) is not supported by the case law

For res judicata (claim preclusion) to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent

---

[2] Of note is that because of Rule 574a Tex. R. Civ. P, Genender was precluded from pursuing fraud as a cause of action in the County Court appeal.

jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) "Thus, a party may not pursue a claim determined by the final judgment of a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties." *Id* at 86; *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979).

Counsel for Genender have found no examples in case law or statutes which support USA and Kirkwood's argument that a defendant in a suit on a contract claim must assert fraud as an affirmative defense or waive her right to sue for fraud in a separate suit.

The cases cited by USA and Kirkwood to the trial court, *Igal* and *Barr*, are inapposite. In the *Igal* case, the Texas Supreme Court considered for the first time whether res judicata should be applied to final decisions by the Texas Workforce Commission. *Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 86 (Tex. 2008). Ultimately, the Court concluded that a final administrative order has preclusive effect in a subsequent lawsuit when a claimant under the Payday Law elected to utilize the administrative process rather than exercise a right of relief under the common law. Id. at 88. The *Barr* case cited by Appellees held that under res judicata analysis, a subsequent suit will be barred if it arises out of the same

28

subject matter of a previous suit and which through the exercise of diligence, *could have been litigated in a prior suit. Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (emphasis added). In the *Barr* case, the second suit was barred by res judicata where a take nothing judgment was entered in the first suit on nearly identical allegations. Due to Rule 574a, Genender could not have reached a final judgment on a fraud cause of action and an affirmative defense of fraud to a breach of contract claim is not the same as a cause of action for fraud. *First Bank of Deer Park v. Harris County*, 804 S.W.2d 588, 593 (Tex. App.—Houston [1st Dist.] 1991, no writ) "To determine if a claim of fraud is an affirmative defense or a separate cause of action, the Courts look to the pleadings to see if the party requested affirmative relief for fraud. If the fraud allegation does not request damages, the fraud claim is an affirmative defense; if the fraud allegations request damages, fraud is a counterclaim."

### C. USA and Kirkwood's motion conflates claim preclusion with issue preclusion and meets the statutory burden for neither.

USA and Kirkwood's motion for summary judgment, upon which the District Court's ruling is based, requested relief analogous to collateral estoppel for its argument that it had met the requirements for res judicata. Under the rule proposed by USA and Kirkwood, Genender could effectively be barred from all claims surrounding the same nuclei of facts so long as there was a corresponding affirmative defense that she did not argue when forced to defend herself in USA's

29

County Court appeal of its JP Court loss.

The general doctrine of res judicata consists of two principal categories: (1) res judicata or claim preclusion; and (2) collateral estoppel or issue preclusion. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex.1992). The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are not the same and may not be interchanged. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). In discussing the confusion over res judicata and collateral estoppel, the Texas Supreme Court states that the argument that a claimant "should have brought all theories of liability in one suit, is the defense of claim preclusion," and that "[c]laim preclusion prevents splitting a cause of action." *Barr* 837 S.W.2d at 629 citing *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985). An affirmative defense of fraud to a breach of contract claim is neither a theory of liability nor a cause of action.

Res judicata (claim preclusion) precludes a second action by the parties or their privies on matters actually litigated and on causes of action or claims that arise out of the same subject matter and could have been litigated in the first suit. *Getty Oil v. Insurance Co. of N. America*, 845 S.W.2d 794, 798 (Tex.1992), On the other hand, collateral estoppel (issue preclusion) prohibits relitigation of particular issues already resolved in a prior suit. *Barr*, 837 S.W.2d at 628; *Phillips v. Allums*, 882 S.W.2d 71, 74 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

30

To invoke the doctrine of collateral estoppel, a party must establish "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Ayre v. J.D. Bucky Allshouse, P.C.*, 942 S.W.2d 24, 27 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *Phillips*, 882 S.W.2d at 74 (quoting *El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362, 364 (Tex.1993)); *Carter v. Charles*, 853 S.W.2d 667, 672 (Tex.App.—Houston [14th Dist.] 1993, no writ).

Collateral estoppel does not extend to an issue that was previously determined but unessential to a prior judgment. *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 174 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818-19 (Tex.1984) (holding that collateral estoppel did not preclude relitigation of issue that was previously determined but unessential to prior judgment)

In the case at bar, Rule 574a barred both Jamie Genender and Critter Stuff from prosecuting a cause of action for fraud against USA in the County Court appeal, as it was not a claim raised in the JP Court. See *Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 195 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.) in which the Dallas Court of Appeals points out that "even if Harrill's additional causes of actions were "new grounds of recovery" under rule 574a, Harrill would

31

not have been precluded from bringing these claims in a separate suit in county court. See tex. Civ. Prac. & Rem.Code Ann. § 31.005 (Vernon 1997) (judgment or determination of fact or law in justice court proceeding is not res judicata in proceeding in county court or statutory county court, except that judgment rendered is binding on the parties thereto as to recovery or denial of recovery)"

Genender's cause of action for fraud filed in the District Court case was brought against both USA and Larry Kirkwood. (CR 147) Kirkwood was not a party to the JP Court trial or the County Court appeal. Appellees argued in their motion for summary judgment that because Kirkwood was not a party to the contract, he can only be held liable by piercing the corporate veil. However, Appellant, in her District Court petition sued Kirkwood individually for fraud, as well as alleging that he is the alter ego of USA. (CR 144-153)

The alter ego doctrine applies when: (1) there is such a unity between the corporation and the individual that the separateness of the corporation has ceased; and (2) the facts are such that holding only the corporation liable would promote injustice. *Castleberry v. Branscum*, 721 S.W.2d 270, 278 (Tex. 1986); *Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571, 573 (Tex.1975). Here, Kirkwood has testified under oath that he is the sole owner, its president and only officer, and even the board of directors of USA Store Fixtures. (CR 423-424) Actions taken by USA, which were in fact decisions made by Larry Kirkwood, form part of the basis

32

of Appellant's causes of action. There is evidence that Kirkwood personally participated in fraudulent misrepresentations to Genender. Kirkwood admitted that he knew the condition of the shelving sent to Genender. (CR 428:22-25)

Appellant never had an opportunity to have any of her claims against Larry Kirkwood heard by the jury in the County Court case. Indeed, through the operation of Rule 574a of the Texas Rules of Civil Procedure [repealed], the County Court determined that the only claims it had jurisdiction to hear on appeal were USA's breach of contract claim and Genender's counterclaim for the same.

USA asserted in its motion to the District Court that Genender was *required* to assert fraud as a defense even though she was unable to seek affirmative relief on it, which runs counter to concepts of due process. (CR 264) To qualify as a claim for affirmative relief, a defensive pleading must allege the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief. *Culbertson v. Tisdale*, 01-97-01020-CV, 1999 WL 82612 (Tex. App.—Houston [1st Dist.] Feb. 4, 1999, no pet.)

Res judicata does not operate as a bar to litigation when the second claim could not be raised in the previous litigation. *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 173 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Fundamentally, the application of res judicata to the particular facts of any case must give assurance that the party to whom the doctrine is applied has had his day

33

in court and, thereby, due process. *McNeil Interests, Inc. v. Quisenberry*, 407 S.W.3d 381, 387 (Tex. App.—Houston [14th Dist.] 2013, no pet.) Here, there is no doubt that Genender would not be afforded due process and the purposes of res judicata would not be served if, to receive compensation or relief for her fraud cause of action, she were forced to defend a breach of contract case with an affirmative defense of fraud and win, only to relitigate the claim in a subsequent suit, this time alleging fraud as a cause of action. USA and Kirkwood's formulation of res judicata would require more litigation, not less, and place a higher burden on anyone seeking recovery under a cause of action with a corresponding affirmative defense.

## IV. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO GENENDER'S DTPA DISTANT FORUM ABUSE CLAIM, AS THE CREDIT CARD AGREEMENT - THE TRUE CONTRACT AT ISSUE – WAS ENTERED INTO FOR PRIMARILY PERSONAL REASONS.

The District Court erroneously granted USA and Kirkwood's motion for summary judgment on Genender's claim for distant forum abuse based upon the Court's determination that "although Genender was sued in her individual capacity, [Deceptive Trade Practices Act] §17.46(b)(23) relates to the shelving not her. The transaction was not primarily personal." (CR 490-491) The District Court's determination, however, focused on the reason for the shelving purchase itself, when the real contract at issue was the extension of credit for shelving,

34

provided upon Genender's entering a cardholder agreement, which was the basis for her credit card company's rescission of Genender's payment to USA. USA's suit against Genender for breach of contract was specific to the actions taken by Genender pursuant to her cardholder agreement. Otherwise USA would have had no basis for suing Genender individually. USA's suit related to the contract for the extension of credit between Genender and her credit card company, which Genender entered into as an individual. (CR 413) (CR 465: 2-7) Further, USA and Kirkwood were aware that Genender made payment for the shelving with her personal credit card. (CR 275) (CR 298: 14-22)

DTPA §17.46(b)(23) states that the following is defined as a false, misleading, or deceptive act or practice for which the DTPA provides a cause of action:

> [F]iling suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract…
> Deceptive Trade Practices Act §17.46(b)(23)

USA and Kirkwood asserted in their motion for summary judgment that no issues of material fact exist surrounding the determination that Genender had a commercial purpose for the shelving rather than intending it for primarily personal, family, or household use. (CR 263) However, USA and Kirkwood and the District

35

Court disregarded the impact of suit against Genender *individually*, separate and apart from the suit against the Critter Stuff, LLC pet store. While the affidavit of Larry Kirkwood, used as summary judgment evidence by Appellees in support of this point, acknowledges that he sued Appellant because she "reversed the charges" on her personal credit card, USA and Kirkwood ignore that it was their claim that Genender failed to honor her personal credit obligation that was the basis for the suit, thus placing the cardholder agreement for her personal credit card at the heart of the litigation as part of the consumer transaction. USA would have retained Genender's payment and had no basis for suit in the JP Court but for the cardholder agreement upon which the charge was reversed. Genender's act in obtaining the credit card in her own name is some evidence that the extension of credit was for primarily personal use, raising a fact issue in the matter. (CR 413) (CR 465: 2-7) A material fact issue exists as to whether Appellant incurred an obligation with the primary purpose of personal use, and the District Court erred in granting summary judgment on Appellant's DTPA distant forum claim.

In their second motion for summary judgment, USA and Kirkwood cited no law on this point besides the statute upon which Genender based her claim. There is very little case law interpreting the "intended primarily for personal, family, household, or agricultural use" provision of DTPA §17.46(b)(23). The Dallas Court of Appeals, however, in grappling with the meaning of the identical phrase

in a case involving both debt collection activities and whether the plaintiff was engaged in a consumer transaction when he borrowed money for the bail bond of a friend, the Court stated the following:

> The Act does not define "personal." Thus, consistent with the purposes of the Act, we must give the term its common meaning. Tex. Gov't. Code Ann. § 312.006(a); *Trinity Universal,* 837 S.W.2d at 204. "Personal" is defined as "of or relating to a    particular        person; affecting one individual or each of many individuals; peculiar or  proper to private concerns; not public or general." Webster's Third New Int'l Dictionary 1686 (1981).

*Monroe v. Frank*, 936 S.W.2d 654, 660 (Tex.App.—Dallas 1996, no writ)

The Court went on to hold (1) that plaintiff incurred the debt to the bonding company primarily for personal reasons and, therefore, was a consumer for the purposes of the Act and (2) that the activities of the bail bonding company involved debt collection. *Monroe* at 660. In *Monroe*, the Court held that the borrowing of money for the use of another person but for the borrower's own reasons did not keep the transaction from being for primarily personal reasons. Thus, by the same reasoning, the use of the extension of credit to Genender personally, for her personal expenditures and use on other entities (a pet store and a volunteer rescue shelter) do not keep that extension of credit from being intended primarily for Genender's personal use.

Appellant has found only two cases which expressly consider whether a

37

purchase or extension of credit was intended primarily for personal use for the purposes of DTPA §17.46(b)(23): *Garza v. Bancorp Group, Inc.*, 955 F. Supp. 68, 72 (S.D. Tex. 1996) and *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex. App.—Corpus Christi 2001, no pet.). Both are distinguishable on their facts from the situation presented in our case.

In *Garza*, the District Court for the Southern District of Texas in Laredo ruled that security camera equipment which was leased under an agreement which specifically stated it was not for personal, family, or household use and which was installed in two family owned business locations were not intended primarily for personal, family, household, or agricultural use. *Garza v. Bancorp Group, Inc.*, 955 F. Supp. 68, 72 (S.D. Tex. - Laredo 1996) The *Ford* case, decided by the Corpus Christi Court of Appeals, held that two loans with commercial security agreements and another taken for the purpose of securing income for plaintiff's family farming enterprise were for commercial rather than personal use. Each of these cases is clearly distinguishable from the case at hand. The contract at issue in this case is the cardholder agreement, which Genender clearly entered into as an individual. (CR 413) (CR 465: 2-7) Neither *Garza* nor *Ford* involved a personal extension of credit to an individual which she used to benefit both a prospective commercial enterprise as well as a volunteer rescue operation.

There is unquestionably an issue of material fact as to whether the shelving

38

Appellant purchased with an extension of credit pursuant to her personal credit card agreement was primarily for Genender's personal use. Where, as here, an issue of material fact remains to be determined, summary judgment was improper.

*Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W. 3d 211, 215-16 (Tex. 2003)

**V.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO GENENDER'S CLAIMS OF UNFAIR DEBT COLLECTION PRACTICES AS USA AND KIRKWOOD ARE DEBT COLLECTORS WHO, THROUGH THEIR AGENT, VIOLATED THE TEXAS DEBT COLLECTION ACT AND THE DTPA.**

In Plaintiff's First Amended Original Petition, Genender articulated a specific cause of action for violations under Title 5 of the Texas Finance Code §392 et seq., claiming that Appellees' agent, a private investigator hired by Kirkwood, made false representations and used deceptive means to obtain information on Jamie Genender, a consumer, for the purpose of collecting an alleged debt. (CR 19) The statute under which Genender made her claim provides as follows: [A] debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. §392.304(19) (Vernon).

USA and Kirkwood, in their Motion for Summary Judgment, argued that the private investigator does not qualify as a "debt collector" under the Texas Finance Code, claiming that the Finance Code adopts the federal definition of "debt

collector," which describes the term as:

> "Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."
> 15 U.S.C.A. §1692a(6) (1998).

USA and Kirkwood went on to argue that, as the private investigator's principal purpose was not the collection of any debts; but, rather, was the collection of information, Genender's claim for unfair debt collection practices must be dismissed as a matter of law. (CR 263-264)

The federal definition of "debt collector" upon which USA and Kirkwood base their argument is inapplicable to the circumstances of this case. The Texas Debt Collection Act (TDCA), under which Genender brought her claim, has a two-tiered structure for analyzing who qualifies as a debt collector. It includes both "third-party debt collectors" (defined the same as "debt collectors" under the Federal Debt Collection Protection Act) and "debt collectors," which include anyone "who directly or indirectly engages in debt collection." *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 885 (S.D. Tex. 2013) on reconsideration, 6:11-CV-00047, 2014 WL 585403 (S.D. Tex. Feb. 14, 2014). Unlike the federal statute, the Act does not require that debt collection be the principal business of a debt collector. [Tex. Fin. Code Ann. §392.001(6) (Vernon)] *Monroe v. Frank*, 936 S.W.2d 654, 660 (Tex. App.—Dallas 1996, writ dism'd w.o.j.).

40

The private investigator is an agent of the USA and Kirkwood. A corporation can act only through its agents. *Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 737 (Tex. App.—Dallas 1993, no writ); *State Farm Fire and Casualty Co. v. Gross*, 818 S.W.2d 908, 912–13 (Tex.App.—Austin 1991, no writ). USA and Kirkwood are themselves "debt collectors" under the TDCA definition, as USA, through Kirkwood's actions, had alleged and even brought suit against Genender over a debt which they said she owed. By October 26, 2012, the date USA's agent gained entry to Genender's premises, USA had participated in and lost a credit card charge dispute process, had had a take nothing judgment entered against it on its claims in Justice of the Peace Court in Harris County against both Critter Stuff and Genender individually, had filed an appeal of the JP Court judgment in County Court, had hired legal counsel, was aware Genender had hired legal counsel, and had sent written discovery requests. The creditor is not excused from following the provisions of the Act because the debt is owed directly to him. *Monroe v. Frank*, 936 S.W.2d 654, 659–660 (Tex.App.—Dallas 1996, writ dism'd w.o.j.) (interpreting the Texas Debt Collection Act). A legal action such as participation in a credit card dispute process or a civil suit upon a debt can be an attempt to collect a debt. For example, the Texas Debt Collection Act (TDCA) has been held to apply to foreclosure actions because such actions inevitably involve a debt collection aspect. *Bracken v. Wells Fargo Bank, N.A.*, 2014 WL 31778

41

(E.D.Tex. 2014).

Kirkwood acknowledged the agency relationship he formed with the private investigator in his affidavit attached as Exhibit A to USA and Kirkwood's motion for summary judgment when he states that, after filing suit against her, USA hired the investigator to enter Genender's premises to make a video showing the shelving was inside of the building and being used by Genender. (CR 36, CR 275-276) Kirkwood's affidavit also makes clear that he was aware of the investigator's actions in deceiving Genender and approved of them as he states that Genender "never requested that the private investigator leave the premises." (CR 37, CR 276) Had USA, Kirkwood, USA's counsel, or the private investigator himself disclosed at the time of entry or thereafter that he was acting as an agent of USA and what his purpose was and then was never told to leave, USA and Kirkwood's argument would carry more weight.

USA and Kirkwood's Second Motion for Summary Judgment admits that the private investigator was hired to provide USA with evidence for the lawsuits it initiated to recover the alleged debt for shelving. (CR 263) In the case at hand there is certainly an alleged pecuniary debt, a perceived debtor/creditor relationship, and an agent of the alleged creditor using deceptive means to obtain information concerning a consumer in indirect furtherance of the creditor's debt collection efforts. These, together, satisfy the statutory requirements to maintain a

claim under the TDCA.

**VI.   THE DISTRICT COURT ERRED IN GRANTING A NO EVIDENCE MOTION FOR SUMMARY JUDGMENT AS TO GENENDER'S TRESPASS CLAIM AS THERE IS A FACT ISSUE AS TO WHETHER THE ULTERIOR MOTIVE OF USA AND KIRKWOOD'S AGENT INTERFERED WITH GENENDER'S RIGHT OF POSSESSION.**

The trial court also granted USA and Kirkwood's No Evidence Motion for Summary Judgment as to Genender's claim for the trespass perpetrated by the private investigator, USA and Kirkwood's agent. There are three elements involved in a trespass claim: (1) the plaintiff owned or had a lawful right to possess the real property; (2) the defendant entered the plaintiffs land, and the entry was physical, intentional, and voluntary; and (3) the defendant's trespass caused injury to the plaintiff's right to possession. *Salazar v. Sanders*, 440 S.W.3d 863, 876 (Tex. App.—El Paso 2013), review denied (July 11, 2014), cert. denied, 135 S. Ct. 1433 (2015) USA and Kirkwood's No Evidence Motion for Summary Judgment argued that there was less than a scintilla of evidence that defendant's trespass caused injury to Genender's right of possession. (CR 272)

Although the premises housed a business and rescue shelter open to the public, the private investigator and his debt collecting employers' ulterior motive for his going into the building negated any invitee licensee status; and the investigator was, therefore a trespasser. *Burton Const. & Shipbuilding Co. v. Broussard*, 154 Tex. 50, 58, 273 S.W.2d 598, 603 (1954) USA and Kirkwood's act

43

of sending a private investigator to gain information and evidence through deceit and artifice interfered with Genender's right to determine who entered her business property and for what purpose. Further, secretly recording Genender interfered with her privacy rights while on her own premises. *Clayton v. Richards*, 47 S.W.3d 149, 156 (Tex. App.—Texarkana 2001, pet. denied) There is a clear fact issue as to whether USA and Kirkwood interfered with Genender's rights of possession; and USA and Kirkwood's motion should have been denied.

In this case, USA and Kirkwood asserted the affirmative defense of invitee/licensee to Genender's claim of trespass, asserting that the private investigator who entered Genender's building while the store and rescue operation were open to the public, was either an invitee or licensee, and being an invitee or a licensee, the private investigator's entrance onto Genender's property was permitted. (CR 26-28)

Additionally, USA and Kirkwood argued that as an invitee and/or licensee, such entry could not have caused injury to Genender's right of possession, as a matter of law. In their No-Evidence Motion for Summary Judgment, USA and Kirkwood asserted that there was less than a scintilla of evidence that their trespass caused injury to Genender's right of possession. (CR 272)

In this connection, USA and Kirkwood allege that Appellant has no evidence of damages related to her cause of action for trespass and that her cause

of action should, therefore, be summarily dismissed. (CR 261) In the body of the motion, however, Appellees' claim transforms to an allegation that there is no evidence that the trespass caused injury to Appellant's right of possession. (CR 272) In answer to Appellees' first argument, that there was no evidence of damages, there is ample case law which states that evidence of trespass damages is not necessary to maintain a trespass claim. *Gen. Mills Restaurants, Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.) Every unauthorized entry is a trespass "even if no damage is done." See *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827 (Tex.1997) (citing *McDaniel Bros. v. Wilson*, 70 S.W.2d 618, 621 (Tex.Civ.App.-Beaumont 1934, writ ref'd)); see also *Champion v. Vincent*, 20 Tex. 811, 815 (1858) ("The law supposes that every trespass, committed upon property, is necessarily attended with some damage, however inconsiderable the injury; and hence the right to a recovery of damages for a trespass cannot be denied."). Even if a plaintiff fails to plead or prove that the defendant did any injury by entering plaintiff's property, the plaintiff is still entitled to nominal damages. See *Meyers v. Ford Motor Credit Co*., 619 S.W.2d 572, 573 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ) ("The law is well settled that a trespasser is liable to the property owner even though there is no proof of actual damages in any specific amount."); *Henry v. Williams*, 132 S.W.2d 633, 634 (Tex.Civ.App.-Beaumont 1939, no writ) (by alleging and proving trespass,

45

appellants "were entitled, at least, to nominal damages"); see also *Smith v. Huizar*, 1860 WL 5812 (Tex. 1860) (if plaintiff fails to lay foundation for or prove damages, he is entitled to nominal damages for trespass).

USA and Kirkwood's argument in their No Evidence Motion for Summary Judgment was that there is not a scintilla of evidence that their agent's actions in lying about his purpose for entering Genender's premises interfered with Genender's right of possession. One of Genender's rights of possession of a building in which she does business and volunteer work and which is open to the public is the right to refuse entrance to persons not there to conduct such business. *United Food & Commercial Workers Intern. Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 512 (Tex. App.—Fort Worth 2014, no pet.) Where a person's true purpose is outside the scope of a reasonable invitation to do business in a store, that person does not have consent and is a trespasser. *Id* at 514 (Wal–Mart established United Foods representatives were trespassers by clear and specific evidence that after entering Wal–Mart's property, United Food's representatives engaged in mass demonstrations and, by doing so, used Wal–Mart property on a venture in their own interests that was not within the scope of Wal–Mart's invitation to shop at Wal–Mart and that was not for the purpose for which the Wal–Mart property was reasonably intended to be used.)

Here, USA and Kirkwood's agent knowingly interfered with Genender's

46

right to determine admission to her property by entering the premises, upon which a No Trespassing and No Solicitation sign was displayed, by representing falsely that he was there to conduct business. (CR 437) The agent's true task was to secretly obtain evidence for the purposes of collecting an alleged debt, as discussed above. It was clear that USA and Kirkwood intended that this evidence be extracted secretly, as they failed to inform Genender or her attorney that their agent would be entering Genender's property, that their agent would be representing himself as someone interested in either pet supplies or pet adoption, or that their agent would be secretly filming Genender and the facilities to gather evidence for use against Genender in litigation. The general rule in Texas is that those who pursue a common plan or design to commit a tortious act, actually take part in it or further it by cooperation or request, or to lend aid to the wrongdoer, or ratify or adopt his act are also liable for the tortious act. *Clayton v. Richards*, 47 S.W.3d 149, 154 (Tex. App.—Texarkana 2001, pet. denied); *Century 21 Page One Realty v. Naghad*, 760 S.W.2d 305 (Tex.App.—Texarkana 1988, no writ) (quoting W. Prosser, *Handbook of the Law of Torts* § 46 (4th ed.1971)).

Had the attorney for USA and Kirkwood arranged for the private investigator to visit Genender's store, rather than his clients, or if he had directed his clients' plan, and/or encouraged it, he may well have been subject to disciplinary action for violation of the Texas Disciplinary Rules of Professional

47

Conduct, Rule 4.02(a) proscribing contact with one represented by counsel, as USA and Kirkwood's counsel had been aware for several months that Genender was represented by an attorney at the time of the contact the private investigator had with Genender.[3] See *Prof'l Sec. Patrol v. Perez*, 01-12-00506-CV, 2013 WL 4478020, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 20, 2013, no pet.) citing *Richmond Condos. v. Skipworth Commerical Plumbing, Inc.*, 245 S.W.3d 646, 661 (Tex.App.-Fort Worth 2008, pet. denied) (holding that ex parte contact of represented parties by opposing counsel constitutes abuse of discovery process). USA and Kirkwood had sent written discovery requests to Appellant only seven days before the private investigator entered Genender's store to conduct secret videotaping. A request for inspection of the property that is the subject of litigation, sent to opposing counsel, is a standard discovery procedure that was circumvented by USA and Kirkwood here; and the evidence obtained by deceit was used before the jury that heard USA's claim for contract breach in the County Court case. (APP 17)

As is clear from the *Wal-Mart* case discussed above, USA and Kirkwood used Genender's property on a venture in their own interests that was not within

---

[3] "(a) In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." TX ST RPC Rule 4.02(a)

the scope of her invitation to enter for the purchase of pet supplies or the adoption of a rescue animal and that was not for the purpose for which Appellant's property was reasonably intended to be used.

Genender submitted evidence that USA and Kirkwood's actions interfered with her possessory right not to have her property entered and not to be filmed on her property, by artifice and fraud, without consent. (CR 91-92) This was a violation of Genender's right to privacy, as she had a reasonable expectation that she was not being recorded on her own property. An individual's right of privacy is compromised no less from being secretly videotaped than from being secretly recorded. A secret videotape of an individual who presumes to be in a private place is an even greater intrusion of privacy than secretly recording conversations. *Clayton v. Richards*, 47 S.W.3d 149, 156-57 (Tex. App.—Texarkana 2001, pet. denied); *United States v. Torres*, 751 F.2d 875 (7th Cir.1984). Videotapes are a simultaneous audio and visual recording of events. *Ali v. State*, 742 S.W.2d 749, 754 (Tex.App.—Dallas 1987, writ ref'd). Genender's evidence submitted to the District Court included her affidavit, dated January 14, 2014, which stated that had she been aware of the man's true purpose for entering the store, she would not have allowed him to enter the premises.(CR 438)

USA and Kirkwood argued in their motion that the private investigator/detective was either an invitee or a licensee, and, as such, entry onto

49

Genender's property was permitted and could not have caused injury to Genender's right of possession.

Texas has not adopted the "public invitee" concept of the Restatement (Second) of Torts § 332(1) and (2) (1965), but has adopted a similar concept by extending invitee status to members of the public who are invited into a store that sells goods and that is open to members of the public for the purpose of allowing them to buy and inspect goods. *See American Industries Live Ins. Co. v. Ruvalcaba,* 64 S.W.3d 126 at 138-39 (Tex.App.- Houston [14th Dist.] 2001, pet. denied) *(citing Rosas v. Buddie's Food Store,* 518 S.W.2d 534, 536 (Tex. 1975)). Two central cases handed down by the supreme court, however, both suggest a benefit to the store, even if remote, is still required. *See Carlisle v. J Weingarten, Inc.,* 137 Tex. 220. 137 S.W.2d 1073. 1076 (Tex. 1941) (children of tender years deemed invitees if accompanying mothers to do shopping); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 617 (1951)(invitee status conferred on person crossing through drug store and falling because of potential that person may stop and purchase item). A person is an invitee only where the owner or occupier invites the person to enter the premises and where the visit involves, "at least a potential pecuniary profit to the owner or occupier." *American Industries Live Ins. Co. v. Ruvalcaba,* 64 S.W.3d 126 at 135 (Tex.App.- Houston [14th Dist.] 2001, pet. denied); *Olivier v. Snowden,* 426 S.W.2d 545 at 550 (Tex. 1968). An invitee is

a person who enters the premises of another in answer to an express or implied invitation from the owner or occupier for their mutual benefit. *Montes v. Indian Cliffs Ranch, Inc.,* 946 S.W.2d 103, 105 (Tex.App.-El Paso 1997, writ denied). An invitee is one who enters land with the owner's knowledge and for the mutual benefit of both. *Mayer v. Willowbrook Plaza Ltd. P'ship,* 278 S.W.3d 901, 909 (Tex.App.-Houston [14th Dist.] 2009, no

pet.).

The private investigator/detective in the case at bar does not meet the criteria to be classified as an invitee as he was not there to buy or inspect goods, there was no potential pecuniary profit to the owner, and there was unquestionably no mutual benefit involved. Therefore, USA and Kirkwood's argument that the private investigator/detective was an invitee fails and summary judgment was, therefore, improper as to the invitee status of USA and Kirkwood's agent.

In contrast, a licensee is a person who for his or her own convenience, pleasure, or benefit enters the premises with the express or implied permission of the owner. *See Rowland v. City of Corpus Christi,* 620 S.W.2d 930, 933 (Tex.Civ.App.-Corpus Christi 1981, writ refd n.r.e.); *Weaver v. KFC Management, Inc.,* 750 S.W.2d 24, 26 (Tex.App.-Dallas 1988, writ denied). "A licensee enters and remains on land with the owner's consent and for the licensee's own convenience, or on business with someone other than the owner." *Mayer v.*

51

*Willowbrook Plaza Ltd. P'ship,* 278 S.W.3d 901, 910 (Tex.App.-Houston [14th Dist.] 2009, no pet.). Absent a relationship that inures to the mutual benefit of the owner and the entrant, the entrant is a licensee. *Id.* The private investigator/detective hired by the Appellees does not meet the criteria for a licensee either. While he was clearly there for his own benefit and for the benefit of his employer, USA in this case, he was not there with Genender's express or implied consent. The private investigator/detective knew he did not have the owner's consent to enter the store, as evidenced by his devious and deceptive behavior in pretending to be a customer. Logically, a person who legitimately had a store owner's consent to enter the premises as either an invitee or licensee, would not need to undertake deceptive measures to intentionally hide who he was, misrepresent his identity or purpose for being in said store and/or covertly film the store. The investigator/detective's devious and deceptive behavior is circumstantial evidence that he did not have the authority, invitation, permission and/or consent to enter Genender's building and conduct video surveillance of its interior. As such, USA and Kirkwood's argument that the private investigator/detective was a licensee fails and USA and Kirkwood's Motion for Summary Judgment should have been denied.

A trespasser is one who enters another's property without any lawful authority, permission, or invitation for his or her own purpose, pleasure, or

52

convenience. *Almanza v. Navar,* 225 S.W.3d 14, 21 (Tex.App. — El Paso 2005, no pet.). "A trespasser enters another's property without lawful authority, permission, or invitation." *Mayer v. Willowbrook Plaza Ltd. P'ship,* 278 S.W.3d 901, 909 (Tex.App.-Houston [14th Dist.] 2009, no pet.) as cited in *Oncor Elec. Delivery Co., LLC v. Murillo,* 01-10-01123-CV, 2013 WL 5372544 (Tex. App. Sept. 26, 2013). A licensee who goes beyond the rights and privileges granted by the license becomes a trespasser. *Burton Constru. & Shipbuilding Co. v. Broussard,* 273 S.W.2d 598, 603 (Tex. 1954). A licensee who exceeds the rights and privileges granted by the license becomes a trespasser. *Mayer v. Willowbrook Plaza Ltd. P'ship,* 278 S.W.3d 901, 910 (Tex. App. 2009).

The private investigator/detective in this case knew he did not have implied or express permission of the store owner, as evidenced by his deceptive conduct to conceal and/or misrepresent his identity and his purpose for being in the store. He knew that his interests were adverse to those of Genender and knew that he would not be permitted to enter her building as a legitimate invitee or licensee under the law if he had disclosed his true identity and purpose for being in the building. (CR 92) Clearly, the private investigator/detective that was hired by USA and Kirkwood meets the criteria under the law to be classified as a trespasser in Genender's building; and, as such, USA and Kirkwood's argument that he was an invitee or licensee fails. Given that the private investigator/detective was not an

invitee or licensee, USA and Kirkwood's argument that he could not have caused injury to Genender's right of possession also fails. Therefore, the Court erred in granting USA and Kirkwood's Motion for Summary Judgment and dismissing Genender's trespass claims.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMESIS CONSIDERED, Appellant Jamie Genender respectfully requests that each of the Summary Judgments in the underlying case be reversed and that she be allowed a trial on the merits of each of her causes of action. Alternatively, Appellant requests that the Court reverse the final judgment of the District Court as to such of her claims as the Court deems proper. Appellant requests such other and further relief which she may show herself to be entitled to and that this court may deem proper to grant.

Respectfully submitted,

**JAN WOODWARD FOX,**
A Professional Legal Corporation

By: /s/ Cameron Weir

Jan Woodward Fox
State Bar No.: 07334500
Cameron Weir
State Bar No.: 024088616
The Lyric Centre
440 Louisiana St., Suite 900
Houston, TX 77002

(713) 623-8600
(713) 807-1758 (fax)

**ATTORNEYS FOR APPELLANT**
**JAMIE MICHELE GENEDER**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was filed electronically and served on the parties listed below in the manner specified on April 29, 2015.


USA Store Fixtures, LLC                          *Via Electronic Service*
Larry Kirkwood
c/o Jerrad D. Bloome,
WEYCER, KAPLAN, PULASKI & ZUBER,
11 Greenway Plaza, Suite 1400
Houston, Texas 77046,

**Trial Counsel for USA Store Fixtures, LLC
and Larry Kirkwood**


                                        /s/ Cameron Weir
                                        Cameron Weir

## CERTIFICATE OF COMPLIANCE

This is to certify that, in compliance with Texas Rule of Appellate Procedure Rule 9.4(i)(2)(B), the applicable sections of this computer-generated brief on the merits contain 13,278 words total.

/s/ Cameron Weir
Cameron Weir

Dated: April 29, 2015

# APPENDIX 1

CAUSE NO. 2013-59766

| | | |
|---|---|---|
| JAMIE GENENDER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| LARRY KIRKWOOD AND | § | |
| USA STORE FIXTURES, LLC | § | 55th DISTRICT COURT |

**PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Jamie Genender, Plaintiff, and files this her Second Amended Original Petition complaining of Larry Kirkwood and USA Store Fixtures, LLC, Defendants, and for cause of action would respectfully show the Court as follows:

**INTRODUCTION**

1.     This is a civil action brought on behalf of Plaintiff. This action seeks monetary compensation for damages caused by Defendants' deceptive trade practices, trespass, and fraud.

2.     Discovery in this case is to be conducted under Level Two pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

**PARTIES**

3.     Plaintiff is an individual residing in Kenosha County, Wisconsin at all times pertinent to the events giving rise to this lawsuit.

4.     Defendant Larry Kirkwood is a natural person and the alter ego of USA Store Fixtures, LLC.  Defendant Kirkwood has been previously served and has answered herein.

5. Defendant USA Store Fixtures, LLC is an active Texas corporation with its principal place of business in Harris County, Texas. USA Store Fixtures, LLC has been previously served and has answered herein.

## VENUE AND JURISDICTION

6. Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 because at the time of the events giving rise to this cause of action Defendant Kirkwood resided in Harris County.

7. The court has jurisdiction of this matter because the amount in controversy exceeds the jurisdictional limits of the court.

## FACTUAL BACKGROUND

8. Plaintiff is a consumer who sought to acquire goods and services by purchase from Defendants in Houston for delivery to Silver Lake, Wisconsin. Specifically, as the result of misrepresentations made in Defendants' advertising over the internet and telephone, which Defendants knew to be false at the time they were made, Plaintiff purchased and paid for shelving sold by Defendants to be delivered to her in Wisconsin.

9. The shelving was delivered to Plaintiff later than the date represented by Defendants and was defective and incomplete. The shelving sold by Defendants as used Lozier brand shelving was not of the quality or quantity represented and contained parts which were not made by Lozier. Defendants made representations prior to the sale regarding the shelving orders' completeness, quality, and brand, as well as USA Store Fixtures' compliance with its own return policy, which were subsequently shown to be false.

10. Defendants responded to attempts by Plaintiff to seek redress from Defendants pursuant to their advertised policies by threatening and vulgar verbal abuse of Plaintiff.

2

60

11.   Defendants to date have wholly failed to remedy or replace the defective shelving and/or otherwise comply with their advertised representations.

12.   Defendants responded to Plaintiff's exercise of her right to seek and obtain redress through the credit card company procedures by making misrepresentations to the credit card companies, then filing two lawsuits against Plaintiff in Harris County, Texas, on October 17, 2011, which Plaintiff has been required to litigate to their conclusion. Meanwhile, Defendants reiterated its misrepresentations concerning the shelving to Plaintiff and the Courts.

13.   Further, on October 26. 2012, Defendants and their agent, through the device of false and deceptive statements made to Plaintiff, obtained access to Plaintiff's property and Plaintiff while secretly videotaping and audio recording both Plaintiff and the interior of her property.

## ALTER EGO AND RESPONDEAT SUPERIOR

14.   As well as being the alter ego of USA Store Fixtures, LLC from the time of the events giving rise to this lawsuit through the present and being responsible for its conduct, Defendant Larry Kirkwood at all times material to this cause of action was employed by and acting in the course and scope of his employment for Defendant USA Store Fixtures. Defendant USA Store Fixtures is responsible for the conduct of Defendant Kirkwood under the doctrine of *respondeat superior*.

## CAUSES OF ACTION

### Fraud

15.   Plaintiff incorporates by reference all facts and allegations contained in paragraphs 1– 14.

16.   Defendants made a material representations which were false and which they knew to be false when made and/or which were recklessly made as positive assertions without knowledge of their truth and which Defendants made with the intent that they be acted upon.  Plaintiff took action in reliance upon the misrepresentations and thereby suffered injury.  These false

3

61

representations of fact and opinion included representations that the shelving was of a quality, make, consistency, and/or condition it was not and had attributes that it did not, including, but not limited to, representations that the shelving would be shipped complete and on time, would be a six or better on a scale of one to ten in quality and appearance, and would be replaced if defective if Plaintiff complied with the replacement procedures.

17.     Plaintiff justifiably relied upon the facts as represented by Defendants through and until the intentional falsity of their representations were made obvious by Defendants' course of conduct.

18.     The misrepresentations made by Defendants were material in that, among other things, they induced Plaintiff to purchase the shelving, to cease or not begin any efforts to seek alternate shelving, to make plans based upon the representations, to expend time, effort and money to comply with Defendants' instructions and to attempt to ameliorate the obvious deficits in the shelving. Plaintiff would not have entered the transaction had she been aware of the falsity of Defendants representations above.

19.     In making the above misrepresentations, Defendants acted knowingly so as to deceive and defraud Ms. Genender and the Court. Accordingly, their conduct was such as to rise to the level of common law fraud.

20.     Ms. Genender was damaged as a direct and proximate result of Defendants' fraudulent conduct.

<u>DTPA Violations</u>

21.     Plaintiff incorporates by reference all facts and allegations contained in paragraphs 1– 20.

22.     Plaintiff is a consumer who sought to acquire goods and/or services from Defendant USA Store Fixtures by purchase. In their transactions with Plaintiff relative to her purchase of goods and services, Defendants engaged in false, misleading, or deceptive acts or practices, including, but not limited to, the acts or practices specified below. Plaintiff has performed or will perform

4

62

all conditions precedent to entitle her to bring this action.

a. Defendants used and employed one or more false, misleading and/or deceptive acts and/or practices that is/are specifically enumerated in a subdivision of Section 17.46 of the Texas Business and Commerce Code, including, but not limited to, subdivision (b), numbers (5), (7), (9), (12), (23) and (24) and that were relied on by Plaintiff. The false and misleading acts committed by Defendants include, but are not limited to the following:

i. The goods provided were damaged and deteriorated to the point of not being functional for the purpose and use represented by Defendants. §17.46(b)(5)

ii. The quality of the goods provided fell so far below the standard represented as to be unusable. The types of items provided also differed from those listed on the website and in the invoice. §17.46(b)(7)

iii. The advertising on Defendants' website represents that "all orders usually ship within 1-2 business days" and that "transit time might vary, 3-5 business days." This was false and misleading, as the processing and shipment of orders in fact is much longer than represented. §17.46(b)(5) and (9)

iv. The advertising on Defendants' website represents that the used shelving of the type purchased by Plaintiff may have superficial dings and scratches but that "it will still perform for what you need it to do most." This is patently untrue, as many of the parts were so defective as to fail to perform as shelving. §17.46(b)(5) and (9)

v. Defendants represented that 17 complete shelving units were being sold to Plaintiff when they never intended to and did not provide the parts for the

5

63

assembly of 17 complete shelving units as advertised. §17.46(b)(5) and (9)

vi.     Defendants advertised images of shelving and parts of shelving which they did not provide and did not intend to deliver. §17.46(b)(5) and (9)

vii.    Despite the representation made on their website that "Madix shelving and Lozier shelving are the only two brands we will sell," and the assertions of Larry Kirkwood during the initial sale and construction, the redress process attempted by Plaintiff, and at trial in the County Court, that Defendants provided Lozier brand shelving, Defendants sold Plaintiff parts made by neither Lozier nor Maddix. §17.46(b)(5) (7) and (9)

viii.   Defendants' Return Policy as displayed on its website represents that materials delivered damaged are subject to replacement so long as their inferior quality is noted on the delivery receipt with the driver's signature at the time of delivery, photographs are taken of the damaged parts, all original packaging is retained, and the damaged goods are reported within three days of delivery. Plaintiff complied with all of these requirements and was never furnished replacement parts or reimbursement despite Plaintiff's compliance with the Defendants' Return Policy's requirements. §17.46(b)(12)

ix.     Defendants filed suit against Plaintiff on the written contract in Harris County, a county other than that in which Plaintiff was known to reside and/or in which the contract was signed. This constituted distant forum abuse in which Defendants engaged on not one but two separate occasions, compounding the damage to Plaintiff. §17.46(b)(23)

x.      Had Defendants disclosed its policy of mixing different manufacturer's

6

64

parts, the level of incompleteness and defective condition of the shelving, the half measures and disorganization involved in shipping, and the disdain, crudeness, and threats that constitute its customer service, Plaintiff would not have purchased the shelving and delivery. Defendants failed to make such disclosures, although the extent of the incompleteness and defective condition of the shelving and the method of dealing with customers, as in this case, were known to the seller at the time of the transaction. §17.46(b)(24).

b.     Defendants breached express warranties, including, but not limited to, the warranties contained in their advertising, their purchase order materials specified above, and the express warranties contained in the public and private communications by Defendants.

c.     Defendants engaged in one or more unconscionable actions and/or courses of action, including, but not limited to, intentionally supplying incomplete and defective goods, failing and refusing to honor their advertised policies on shipment and/or return and/or replacement and verbally abusing customers who complain in an effort to intimidate them into accepting the incomplete, damaged and deteriorated goods delivered by Defendants, which were in gross disproportion to the amount paid. Additionally, Defendants' actions which resulted in and ratified misrepresentations to gain unauthorized entry of their agent onto Plaintiff's property, personal contact with Plaintiff and secret videotaping and recording of Plaintiff and her property constitute an unconscionable course of action.

d.     The aforesaid agent's misrepresentations were on behalf of Defendants acting directly or indirectly in the capacity of debt collectors and were for the purpose of obtaining

7

65

information concerning a consumer, namely Plaintiff, in violation of the Texas Finance Code section 392.304(19), constituting a deceptive trade practice under Subchapter E, Chapter 17, of the Business & Commerce Code. Tex. Fin. Code Ann. § 392.404(a)

e. Each of the above, individually and cumulatively, was a producing cause of damages to Plaintiff.

f. Each of the foregoing violations committed by Defendants was committed knowingly and/or intentionally, entitling Plaintiff to the remedies provided by 17.50(b). As the above conduct is in violation of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to attorneys' fees and her damages, which include both economic damages and mental anguish. Further, Defendants' violation of the Texas Deceptive Trade Practices Act through their violation of the Texas Finance Code section 392.304(19) entitles Plaintiff to all of her actual damages at common law.

Trespass

23. Plaintiff incorporates by reference all facts and allegations contained in paragraphs 1– 22.

24. Defendants, through deception and artifice, and without Plaintiff's effective consent, made intentional entry onto Plaintiff's property and committed trespass upon Plaintiff's property and person in violation of the laws of both the State of Texas and the State of Wisconsin.

**ATTORNEYS' FEES**

25. As a result of the facts alleged above, it has become necessary for Plaintiff to hire an attorney to prosecute this action, and Plaintiff has incurred and will incur attorneys' fees for the prosecution of this action. Plaintiff has retained the firm of Jan Woodward Fox, P.L.C. to represent her in this action and has agreed to pay the firm reasonable attorneys' fees. Plaintiff is

8

66

entitled to recover judgment against Defendants for those attorneys' fees pursuant to §17.50, et seq of the Texas Business & Commerce Code. These fees include:

    a.      preparation and trial of this lawsuit;

    b.      post-trial and pre-appeal legal services;

    c.      an appeal to the Court of Appeals;

    d.      an appeal to the Texas Supreme Court; and

    e.      post judgment discovery and collection in the event execution on the judgment is necessary.

## DAMAGES

26.    As a direct result of the wrongful acts and/or omissions of the Defendants, Plaintiff has suffered damages above the minimum jurisdictional requirements of this Court, including but not limited to the following:

    a.      economic damages;

    b.      other actual damages, including mental anguish;

    c.      the right to treble damages as provided by statute;

    d.      attorneys fees.

## PRAYER

27.    Plaintiff prays that the Defendants be cited to appear and answer and that upon final hearing, Plaintiff recover:

    a.      judgment against the Defendants, jointly and severally, for Plaintiff's damages as set forth above in an amount over $100,000 but not more than $200,000, as of the filing of this Petition.

    b.      attorneys' fees as allowed by law;

9

67

c.      pre and post-judgment interest on Plaintiff's damages as allowed by law;

d.      all costs of court; and

e.      such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

JAN WOODWARD FOX,
A Professional Legal Corporation

By: /s/ Jan Woodward Fox

Jan Woodward Fox
State Bar No. 07334500
The Lyric Centre
440 Louisiana, Suite 900
Houston, Texas 77002
(713) 623-8600 (telephone)
(713) 807-1758 (facsimile)

ATTORNEY FOR PLAINTIFF
JAMIE GENENDER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served by the Court's electronic filing notification system on this the 21st day of July, 2014, upon the following counsel of record:

Mr. Jerrad Bloome,
WEYCER, KAPLAN, PULASKI & ZUBER,
11 Greenway Plaza, Ste. 1400,
Houston, Texas 77046
**Attorney for Defendants**
**Larry Kirkwood and**
**USA Store Fixtures, LLC**

/s/ Jan Woodward Fox
Jan Woodward Fox

10

68

# APPENDIX 2

| JAMIE GENENDER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| VS | § | HARRIS COUNTY, TEXAS |
| | § | |
| LARRY KIRKWOOD, *et al.* | § | |
| | § | |
| | § | |
| | § | 55TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Upon consideration of Defendants' Motion for Summary Judgment, Plaintiff's Response, the summary judgment evidence and arguments of counsel, the Court rules as follows:

The Plaintiff's DTPA claims raised in this matter were originally brought in County Court at Law #1. Because the DTPA claims were improperly joined with claims which were in the county court through an appeal, a jurisdictional problem was present. The presiding judge ordered a severance of the DTPA claims. Accordingly, Case no. 1016718-101 was created. The case, once severed, was thus initially filed in a court with jurisdiction over those claims. Plaintiff then filed a voluntary non-suit on October 21, 2013. It was not dismissed because the court lacked jurisdiction.

Accordingly, Section 16.064 of the Civil Practice and Remedies Code which is relied upon by Plaintiff does not apply. The Plaintiff's DTPA claims originally filed in the county court are barred by limitations. To this extent the Motion is GRANTED.

70

The Plaintiff has raised material issues of fact related to Defendants' alleged trespass on October 26, 2012. To this extent the Motion is DENIED.

IT IS SO ORDERED.

SIGNED on the __19__ day of __June__, 2014.

_____
JUDGE JEFF SHADWICK

**FILED**
Chris Daniel
District Clerk

Time:_____

JUN 1 9 2014

By_____
Harris County, Texas
_____
Deputy

2

71

# APPENDIX 3

P-2
(7)

CAUSE NO. 2013-59766

| | | |
|---|---|---|
| JAMIE GENENDER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LARRY KIRKWOOD AND USA | § | |
| STORE FIXTURES, LLC | § | 55TH JUDICIAL DISTRICT |

**ORDER ON DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT AND
NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT**

*and*
Final Judgment

On the _____ day of October, 2014, came on to be heard **Defendants' Second Motion for Summary Judgment and No-Evidence Motion for Summary Judgment** in the above referenced matters.

After considering the motion, the response, the pleadings, and the evidence, the Court has determined that Defendants' Second Motion for Summary Judgment and No-Evidence Motion for Summary Judgment should be granted in its entirety. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that all of Plaintiff's claim for violations of *Although Ms. Genender was sued in her individual capacity, §17.46(b)(23) relates to the* the Deceptive Trade Practices Act is hereby dismissed. It is further *showing; not her. The transaction was not primarily personal.*

ORDERED, ADJUDGED AND DECREED that Plaintiff's claim for improper debt collection practices is hereby dismissed. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff's claim for fraud is hereby dismissed. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff's claim for trespass is hereby dismissed.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

{USA003/00003/0914101.DOCX;1/JDB }

1

73

This order disposes of all claims asserted by Plaintiff against Defendants. *All parties ~~fail~~ to pay their own costs. This is a Final Judgment and is appealable.*

Entered this ___13___ day of October, 2014.

_____
PRESIDING JUDGE

Unofficial Copy Office of Chris Daniel District Clerk

{USA003/00003/0914101.DOCX;1/JDB }

2

74

# APPENDIX 4



DATA ENTRY PICKUP

JUL 2 5 2013

THIS DATE

FILED
13 July 25 A10:36
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1016718

| | | |
|---|---|---|
| USA STORE FIXTURES, LLC | § | IN THE COUNTY CIVIL COURT |
| | § | |
| VS. | § | AT LAW NUMBER ONE (1) |
| | § | |
| JAMIE MICHELE GENENDER | § | HARRIS COUNTY, TEXAS |

[CONSOLIDATED WITH]

CAUSE NO. 1016719

| | | |
|---|---|---|
| USA STORE FIXTURES, LLC | § | IN THE COUNTY CIVIL COURT |
| | § | |
| VS. | § | AT LAW NUMBER TWO (2) |
| | § | |
| CRITTER STUFF, LLC | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now Plaintiff, USA STORE FIXTURES, LLC, and files this its Plea to the Jurisdiction and Motion to Dismiss Defendants' Counterclaims; and, in support thereof, will show the Court as follows:

### I. Introduction

This case is a consolidated appeal from Justice Court. Defendants did not assert any counterclaims against USA Store Fixtures, LLC in the lower court. As this matter is an appeal, the court lacks subject matter jurisdiction to hear any counterclaims asserted by the Defendants which were not pleaded in the court below. Pursuant to Texas Rule of Civil Procedure 574a, ". . . no new ground of recovery shall be set up by the plaintiff, nor **shall any set-off or counterclaim be set-up by defendant which was not pleaded in the court below.**" (emphasis added).

{USA003/00003/0808910.DOCX;1/JDB }

238

## II. Relief Requested

As the Court lacks subject matter jurisdiction to hear Defendants' counterclaims, Plaintiff seeks an order dismissing Defendant's counterclaims for Deceptive Trade Practices, breach of contract and attorneys' fees.

## III. Background

USA Store Fixtures sold and delivered to Defendant used shelving. Not being satisfied with the product, Defendant contested the charge on her credit card and received a credit. Defendant has maintained possession of and utilized the shelving for the past two years without paying USA Store Fixtures. As such, on or about October 17, 2011, USA Store Fixtures filed two (2) Justice Court Actions: -- one action was against Jamie Michele Genender, individually, for fraud and for defamation, (Exhibit A) -- the other action was against Critter Stuff, LLC for fraud, breach of contract and defamation. (Exhibit B)

Defendants did not assert any counterclaims or seek any damages from USA Store Fixtures in the Justice Court. Defendants did not file a written pleading in Justice Court before announcing ready for trial.

The Justice Court rendered a judgment for the Defendants in both actions. Specifically, the Justice Court entered a judgment for Defendants, "that Plaintiff should take nothing by his suit; that the Defendant, go hence with his costs without day and that execution issue in Defendant's behalf for his said costs." (Exhibits C & D) Plaintiff perfected the appeal of the two cases to County Court. The two matters were consolidated into this action.

On or about July 30, 2012, Defendants filed their First Amended Answer and Original Counterclaims. (Exhibit E) For the first time, in that pleading, Defendants asserted claims for breach of contract and violation of the Deceptive Trade Practices Act, in addition to seeking to

{USA003/00003/0808910.DOCX;1/JDB }

77

**239**

recover attorneys' fees. Defendants never asserted any claims for affirmative relief in the Justice Court.

## IV. Argument and Authorities

In a *de novo* appeal to the County Court at Law from Justice Court, the County Court's jurisdiction is limited by the claims tried at the Justice Court. Pursuant to Texas Rule of Civil Procedure 574a, upon an appeal to County Court:

> Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. The pleading thereof shall be in writing and filed in the cause before the parties have announced ready for trial.

As Defendants never asserted a counterclaim in Justice Court, this Court lacks jurisdiction to entertain Defendants' counterclaims asserted for the first time in this appeal. Further, as no cause of action upon which statutory attorneys' fees is dependent was originally pleaded in the Justice Court, a claim for attorneys' fees cannot be asserted for the first time in a *de novo* appeal to the County Court. *Crumpton v. Stevens*, 936 S.W.2d 473 (Tex.App.—Fort Worth 1996, no writ.) Additionally, Defendants never sought any award of damages or any affirmative relief in Justice Court, and cannot seek such relief for the first time on appeal.

## V. Conclusion

As this matter is a *de novo* appeal from Justice Court to County Court at Law, pursuant to the Rules of Civil Procedure, this Court lacks subject matter jurisdiction to hear Defendants' counterclaims asserted for the first time in the appeal. As such, Defendants' counterclaims must be dismissed.

{USA003/00003/0808910.DOCX;1/JDB }

240

**Prayer**

WHEREFORE, premises considered, Plaintiff USA STORE FIXTURES, LLC prays that this Court grant Plaintiff's Plea to the Jurisdiction and Motion to Dismiss, entering an order dismissing Defendants' counterclaims for violation of the Deceptive Trade Practice Act, breach of contract, and request for attorneys' fee; and, for all other relief either at law or in equity to which it shows itself entitled.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _/S/ Jerrad D. Bloome_
JERRAD D. BLOOME
State Bar No. 24001755
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR PLAINTIFF

{USA003/00003/0808910.DOCX;1/JDB }

79

**241**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument has been served upon the following counsel of record via hand delivery, facsimile, and/or certified mail, return receipt requested pursuant to Tex. R. Civ. P. 21a this the 25TH day of July, 2013.

Jan Woodward Fox
JAN WOODWARD FOX, A
Professional Legal Corporation
440 Louisiana, St.
Ste 900
Houston, TX 77002

FAX 713-425-7196


/S/ Jerrad D. Bloome
JERRAD D. BLOOME

{USA003/00003/0808910.DOCX;1/JDB }

242

# APPENDIX 5

| USA STORE FIXTURES, LLC | § | IN THE COUNTY CIVIL COURT |
|---|---|---|
| | § | |
| VS. | § | AT LAW NUMBER ONE (1) |
| | § | |
| JAMIE MICHELE GENENDER | § | HARRIS COUNTY, TEXAS |

**[CONSOLIDATED WITH]**

**CAUSE NO. 1016719**

| USA STORE FIXTURES, LLC | § | IN THE COUNTY CIVIL COURT |
|---|---|---|
| | § | |
| VS. | § | AT LAW NUMBER TWO (2) |
| | § | |
| CRITTER STUFF, LLC | § | HARRIS COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S PLEA TO THE JURISDICTION
## AND MOTION TO DISMISS AND ON
## DEFENDANTS' MOTION TO SEVER AND CONSOLIDATE

On the _____ day of August, 2013, came on to be heard **Plaintiff's Plea to the Jurisdiction and Motion to Dismiss** and **Defendants' Motion to Sever and Consolidate** in the above referenced matters.

After considering the pleadings, the evidence and the arguments of counsel, the Court has determined that Plaintiff's Plea to the Jurisdiction and Motion to Dismiss should be granted in part and denied in part and that Defendants' Motion to Sever and Consolidate should be granted in part and denied in part. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's claims in the County Court for negligent misrepresentation, ~~fraudulent inducement and quantum meruit~~ and Defendants'

1

**325**

counterclaims in the County Court for violations of the Deceptive Trade Practices Act be severed and placed under a new cause number (Cause Number 1016718~-101 Ⓡ); and it is, further

ORDERED, ADJUDGED AND DECREED that the clerk of the court shall assign the severed action the separate cause number of 1016718 -101 Ⓐ copy the following documents, and include them in that file:

1. Plaintiff USA Store Fixture's Original Petition filed on September 11, 2012.

2. Defendant's First Amended Original Answer and Original Counterclaim filed on July 30, 2012.

3. A copy of the docket sheet.

4. A copy of this order.

All other requested relief not expressly granted herein is denied.

Entered this _____ day of August, 2013.

Hon. John Coselli
Presiding Judge

Approved as to form:

_____
Jerrad Bloome
Attorney for Plaintiff

_____
Jan Woodward Fox
Attorney for Defendants

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
2013 AUG 13 AM 3:07
COUNTY CLERK
HARRIS COUNTY, TEXAS

2

83

**326**

# APPENDIX 6

# Tex.R.Civ.P. 574a

**Texas Rules of Civil Procedure**
**Part V. Rules of Practice in Justice Courts**
**Section 6. Appeal**
**TX Rules of Civil Procedure, Rule 574a**
**Rule 574a. New Matter May be Pleaded**

> **Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. The pleading thereof shall be in writing and filed in the cause before the parties have announced ready for trial.**

**<Text of rule is repealed effective August 31, 2013, pursuant to Supreme Court order dated April 15, 2013.>**

# APPENDIX 7

# Tex. Civ. Prac. & Rem. Code §16.064

**§ 16.064. EFFECT OF LACK OF JURISDICTION.**

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

# APPENDIX 8

# Deceptive Trade Practices Act
## §17.46(b)(23)

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(23) filing suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract; provided, however, that a violation of this subsection shall not occur where it is shown by the person filing such suit he neither knew or had reason to know that the county in which such suit was filed was neither the county in which the defendant resides at the commencement of the suit nor the county in which the defendant in fact signed the contract;

# APPENDIX 9

# Tex. Fin. Code §392.304(a)(19) FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS.

**(a)  Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

> **(19)   using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

# APPENDIX 10



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00048-CV

---

### JAMIE GENENDER AND CRITTER STUFF, LLC, Appellants

### V.

### USA STORE FIXTURES, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1016718**

---

### O P I N I O N

Appellee USA Store Fixtures, LLC sued appellants Jamie Genender and her business Critter Stuff, LLC in justice court after Genender successfully obtained a chargeback on her credit card related to her purchase of $2,303.42 in used shelving from Store Fixtures. Store Fixtures appealed a take-nothing judgment from the justice court to the county court, which held a trial de novo. A jury awarded Store Fixtures damages of $2,303.42 and attorney's fees of $38,000 for trial, $20,000 for an appeal to the court of appeals, and $20,000 for an appeal to the Supreme Court of Texas. In three issues,

appellants contend the county court lacked jurisdiction over Store Fixtures' breach of contract claim, the evidence is legally insufficient, and Store Fixtures is not entitled to attorney's fees because it failed to plead and prove presentment of its claim.

We hold that the trial court had jurisdiction over Store Fixtures' breach of contract claim and the evidence is legally sufficient to support the jury's finding on that claim, but Store Fixtures failed to prove presentment. Accordingly, we modify the trial court's judgment to delete the award of attorney's fees and affirm the trial court's judgment as modified.

## I.   BACKGROUND

Using a credit card, Genender purchased some used shelving from Store Fixtures for Genender's business. Store Fixtures shipped the shelving to Genender in Wisconsin. But she was disappointed with the quantity and quality of the shelving she received and with Store Fixtures' response to her concerns, so she filed a dispute with her credit card company that resulted in a chargeback to Store Fixtures. Store Fixtures sued appellants in justice court; all parties were pro se. After a bench trial, the justice court signed a take-nothing judgment in appellants' favor, and Store Fixtures appealed to the county court. The parties hired attorneys and ultimately proceeded to a de novo jury trial with each side asserting claims for breach of contract and attorney's fees.

The only issues submitted to the jury were whether any party failed to comply with the agreement, and if so, the amounts of damages and attorney's fees. The jury found that appellants failed to comply with the agreement, Store Fixtures did not fail to comply with the agreement, Store Fixtures suffered damages of $2,303.42, and Store Fixtures' reasonable and necessary attorney's fees were $38,000 for preparation and trial, $20,000 for an appeal to the court of appeals, and $20,000 for an appeal to the Supreme Court of Texas. The county court signed a final judgment consistent with the jury's verdict. This appeal followed.

2

94

## II.    SUBJECT MATTER JURISDICTION

In their first issue, appellants contend the county court's judgment is void because the county court lacked subject matter jurisdiction over the only claim and basis for attorney's fees supporting the judgment. Appellants argue that Store Fixtures did not plead a breach of contract claim in the justice court, and Store Fixtures' contract claim was a "new ground of recovery" pleaded for the first time on appeal to the county court. *See* Tex. R. Civ. P. 574a, 50 Tex. B.J. 868 (1987, repealed 2013) (on appeal from justice court, "no new ground of recovery shall be set up by the plaintiff").

Store Fixtures contends that it pleaded a breach of contract claim in the justice court because Store Fixtures reserved the right to plead orally and, at the justice court trial, Store Fixtures "sought to recover the total invoice amount under the theory that Genender and Critter Stuff had breached the contract by not paying for the shelving."

First we will review the relevant proceedings and evidence in the record. Then we overrule appellant's issue because appellants failed to rebut the presumption that Store Fixtures orally pleaded its breach of contract claim in the justice court.

### A.    Background and Evidence

Store Fixtures, acting through its president,[1] filed two petitions in justice court. The petition naming Genender as a defendant alleged as follows:

> That the defendant is legally indebted to the plaintiff in the sum of $10,000.00 based upon the following facts: Defendant, Jaimie Michele Genender, purposefully intended to defraud USA Store Fixtures LLC from financial gain by refusing payment on her credit card. Defendant also acted outside of her title and personally defamed and slandered this company in writing. Invoice $2,303.42 damages for slander $7,697.58.

The petition naming Critter Stuff as a defendant alleged as follows:

---

[1] *See* Tex. Gov't Code Ann. 27.031(d) ("A corporation need not be represented by an attorney in justice court.").

> That the defendant is legally indebted to the plaintiff in the sum of
> $10,000.00 based upon the following facts: Defendant, Jamie Michele
> Genender, purposefully intended to defraud USA Store Fixtures LLC from
> financial gain by refusing payment on her credit card. Defendant also
> slandered and defamed this company in writing. Invoice amount $2,303.42
> plus damages for slander and defamation.

Both petitions stated, "THAT plaintiff reserves the right to plead further orally upon trail [sic] of this matter." *See* Tex. R. Civ. P. 525, 3 Tex. B.J. 607 (1940, repealed 2013) (in justice court, "[t]he pleadings shall be oral, except where otherwise specially provided").

After Store Fixtures appealed to the county court and retained counsel, it filed an amended petition asserting claims for breach of contract, negligent misrepresentation, fraud, fraud in the inducement, and quantum meruit. Store Fixtures also sought attorney's fees. Appellants filed counterclaims for breach of contract and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA), Tex. Bus. & Com. Code Ann. subch. E. Appellants also sought attorney's fees.

Store Fixtures filed a plea to the jurisdiction and motion to dismiss all of appellants' counterclaims under former Rule 574a. The rule provided,

> Either party may plead any new matter in the county or district court which
> was not presented in the court below, but no new ground of recovery shall
> be set up by the plaintiff, nor shall any set-off or counterclaim be set up by
> the defendant which was not pleaded in the court below.

Tex. R. Civ. P. 574a, 50 Tex. B.J. 868 (1987, repealed 2013). Store Fixtures alleged dismissal was the proper remedy because the county court lacked subject matter jurisdiction over appellants' newly pleaded counterclaims.[2] Appellants responded that

---

[2] *See Hatmaker v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 14-98-00552-CV, 1999 WL 459788, at *3 (Tex. App.—Houston [14th Dist.] July 8, 1999, no pet.) (not designated for publication); *Kramek v. Stewart*, 648 S.W.2d 399, 401–02 (Tex. App.—San Antonio 1983, no writ); *Tex. Co. v. Henderson*, 154 S.W.2d 911, 911 (Tex. Civ. App.—El Paso 1941, no writ); *Racugno v. Hanovia Chem. & Mfg.*

4

severance was the proper remedy[3] and also requested severance of Store Fixtures' newly pleaded claims of breach of contract, quantum meruit, fraudulent inducement, and negligent misrepresentation. The county court granted partial relief to both sides, ordering severance of Store Fixtures' negligent misrepresentation claim and appellants' DTPA claim. At the de novo trial, only the contract claims were tried, along with the amounts of attorney's fees.

## B.    Analysis

Regardless of whether Store Fixtures alleged a breach of contract claim in its written petitions in justice court, the law recognizes a presumption that Store Fixtures orally pleaded its breach of contract claim in justice court. *See Gordon v. Zoes*, 125 S.W.2d 1049, 1049–50 (Tex. Civ. App.—Galveston 1939, no writ) (holding that the county court's judgment was not void based on an allegation that the plaintiff brought a new cause of action not pleaded in justice court; "While plaintiff filed certain written pleadings in the justice court, he expressly reserved the right in said pleadings to plead orally on the trial of the case. It is uniformly held in this State that in cases originating in the justice court, pleadings may be either oral or written, or partly oral and partly written. In the absence of a showing to the contrary, it will be presumed that said written pleadings were supplemented by such oral amendments as cured any defects therein, and that such pleadings as amended supported the judgment rendered by the trial court."); *Garcia v. Rendon*, 59 S.W.2d 881, 881 (Tex. Civ. App.—San Antonio 1933, no writ) ("If the oral plea made by appellee was not pleaded in the justice's court, appellant should have shown it. The mere fact that the justice of the peace did not note

Co.*, 110 S.W.2d 249, 250 (Tex. App.—Fort Worth 1937, no writ); *see also Neal v. Beck Funeral Home*, 131 S.W.2d 778, 780–81 (Tex. Civ. App.—Fort Worth 1939, writ dism'd).

[3] *See New Wave Props., Inc. v. Wikoff*, No. 13-11-00762-CV, 2012 WL 2929623, at *3 (Tex. App.—Corpus Christi July 19, 2012, no pet.) (mem. op.); *Harrill v. A.J.'s Wrecker Servs., Inc.*, 27 S.W.3d 191, 195 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.); *D'Tel Commc'ns v. Roadway Package Serv., Inc.*, 987 S.W.2d 213, 214 (Tex. App.—Eastland 1999, no pet.).

5

the oral pleadings did not prove that they were not made.").[4]  This presumption exists because the rules specifically require oral pleadings in the justice court.  *See* Tex. R. Civ. P. 525, 3 Tex. B.J. 607 (1940, repealed 2013) ("The pleadings shall be oral . . .").[5]

The presumption is rebuttable.  *See Gordon*, 125 S.W.2d at 1049–50; *Garcia*, 59 S.W.2d at 881.  For example, a statement regarding the oral pleadings may be noted on the justice court's docket.  *See* Tex. R. Civ. P. 525, 3 Tex. B.J. 607 (1940, repealed 2013) ("The pleadings shall be oral . . . but a brief statement thereof may be noted on the docket . . . ."); *see also* Subcomm. on Interpretation of Rules of Civil Procedure, State Bar of Tex., Op. 27-a, 5 B.J. 287 (1942) (noting that this statement may be necessary because "it may become important to show what the old pleadings were with . . . contentions that a new cause of action has been set up for the first time in the county court").

The record here contains no such notation, but the lack of a notation does not rebut the presumption of oral pleading.  *See Gordon*, 125 S.W.2d at 1049–50; *Garcia*, 59 S.W.2d at 881; *Amarillo Commercial*, 140 S.W. at 378.  Nor does the record contain any evidence that Store Fixtures did not orally plead a breach of contract claim in the

---

[4] *See also Fort Worth & D.C. Ry. Co. v. Brewer*, 1 S.W.2d 686, 686 (Tex. Civ. App.—Amarillo 1928, no writ) ("If the record does not disclose that the written pleadings constituted the whole pleadings, it will be presumed that there were oral pleadings necessary to support the judgment."); *Amarillo Commercial Co. v. Chicago, R.I. & G. Ry. Co.*, 140 S.W. 377, 378 (Tex. Civ. App.—Amarillo 1911, no writ) ("[If] no oral pleadings on the part of the plaintiff are noted on the docket, it will be presumed that there was some oral pleading by plaintiff at the time the account was filed, from which the justice received that information, and which he failed to note upon the docket.").

[5] Parties have pleaded orally in justice courts since the early days of the Republic, and the practice continued in early statehood.  *See, e.g.*, Act approved Nov. 4, 1837, 2d Cong., R.S., § 1, 1837 Repub. Tex. Laws 14, *reprinted in* 1 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 1356 (Austin, Gammel Book Co. 1898) ("[A]ll civil proceedings before justices of the peace, shall be had in a summary manner, and without the formality of a petition in writing . . . ."); Act approved Aug. 13, 1870, 12th Leg., C.S., ch. 65, § 7, 1870 Tex. Gen. Laws 87, 93, *reprinted in* 6 H.P.N. Gammel, *supra*, at 261, 267 ("The pleading in a justice's court shall be oral . . . .").

6

justice court.[6]  Because appellants did not rebut the presumption of oral pleading, we presume that Store Fixtures orally pleaded a breach of contract claim in the justice court, and therefore, the claim was not a new ground of recovery in the county court.

Appellants' first issue is overruled.

### III.  SUFFICIENCY OF THE EVIDENCE

Appellants' second issue is that "there is legally insufficient evidence that Jamie Genender or Critter Stuff breached any contractual duty to USA Store Fixtures." Appellants argue that there is no evidence to support the jury's "yes" answer for each appellant in Jury Question No. 1, which asked, "Did Jamie Genender and/or Critter Stuff fail to comply with the agreement?"  Thus, appellants challenge the "breach" element of Store Fixtures' claim and contend that the claim "must be based entirely upon Genender's action in submitting a dispute of the transaction through the chargeback process established by her credit card company."

Appellants contend that their "promise to pay was stipulated upon compliance with the Cardholder Agreement" because when Store Fixtures charged Genender's credit card, Store Fixtures sent her an unsigned receipt (Defendant's Exhibit No. 3), which states, "I agree to pay above total amount according to card issuer agreement. (Merchant Agreement if Credit Voucher)."[7]  So, because it is undisputed that Store Fixtures lost the credit card dispute due to its "failure to comply" with its merchant

---

[6] In fact, in the first pleading filed in county court—appellants' answer—appellants pleaded an "affirmative defense of failure of consideration," thus indicating that Store Fixtures had previously pleaded a breach of contract claim.  At the time, the only written pleadings Store Fixtures had filed were its justice court petitions.

[7] Although some of these words on Defendants' Exhibit No. 3 appear illegible, Store Fixtures' does not contest appellants' interpretation, so we accept as true this factual allegation.  *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

7

account agreement, appellants claim they could not possibly have breached the contract for the sale of the shelving.[8]

Store Fixtures contends that there is evidence of appellants' breach because they agreed to purchase goods, accepted the goods, and ultimately did not pay for the goods. We agree with Store Fixtures.

We find no authority, and appellants have cited none, to suggest that in general (or under any specific circumstances), a buyer has not breached a sale-of-goods contract as a matter of law when a credit card company reverses a charge in favor of the buyer at the buyer's request. In fact, there is authority that a party's obtaining a credit card chargeback does not erase liability for obligations owed. *See CSL Prop. Mgmt. Co. v. Thyssenkrupp Elevator Co.*, No. 01-11-00665-CV, 2013 WL 396252, at *2, *6 (Tex. App.—Houston [1st Dist.] Jan. 31, 2013, no pet.) (mem. op.) (upholding summary judgment for the plaintiff on its indemnity claim where the factual basis for part of the claim was the defendant's failure to indemnify an amount reversed by a third party's credit card company). Defendant's Exhibit No. 3 does not conclusively establish that the parties agreed to resolve disputes solely under their credit card companies' chargeback policies. To the extent there was an ambiguity, the jury resolved it in favor of Store Fixtures. *See Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987) (ambiguity in contract creates question of fact for jury).[9]

---

[8] Appellants suggest this case has

> enormous implications for consumers in Texas and across the country [because it] addresses an all-too-common occurrence but a novel legal question: whether a consumer who properly and successfully disputes a credit card charge pursuant to a merchant's agreement with its credit card company may nevertheless be sued by and found liable to that same merchant for the full disputed amount despite the merchant's failure to comply with such agreement.

[9] Appellants also ask this court to consider several excluded exhibits related to the credit card dispute, including Genender's two-page complaint filed with her credit card company and a notification from Store Fixtures' credit card company that the dispute was resolved in Genender's

Store Fixtures adduced evidence that it sent appellants the shelving Genender ordered, that appellants accepted the shelving, and that Genender initiated a chargeback on her credit card, resulting in appellants' failures to pay for the goods accepted.[10] A buyer's failure to pay the contract rate for goods accepted constitutes a breach of contract. *See* Tex. Bus. & Com. Code Ann. 2.607(a); *see also Garden Ridge, L.P. v. Advance Int'l, Inc.*, 403 S.W.3d 432, 445 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (proper to instruct the jury about what constitutes acceptance of goods and about "the UCC's provision that the buyer must pay the contract rate for goods it accepts").[11] Accordingly, the evidence is legally sufficient to support the jury's affirmative answer to Jury Question No. 1.

Appellants' second issue is overruled.

## IV. PRESENTMENT

In their third issue, appellants contend "the county court erred in submitting to the jury and entering judgment on [Store Fixtures'] attorney's fee award because there are no pleadings or legally or factually sufficient evidence of timely presentment." We agree with appellants that there is no evidence to support an implied finding that Store Fixtures presented its claim.

To recover attorney's fees for a breach of contract claim under Section 38.001 of the Texas Civil Practice and Remedies Code,

---

favor. These exhibits do not support appellants' construction of the contract or remove any ambiguity about the terms of the contract.

[10] There was conflicting evidence about whether appellants accepted the shelving and whether the shelving conformed to the contract. But the jury resolved this conflicting evidence in Store Fixtures' favor, finding that appellants failed to comply with the agreement and Store Fixtures did not fail to comply with the agreement. We must defer to the jury's resolution of conflicting evidence. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 820–21 (Tex. 2005).

[11] The jury charge here defines "acceptance" and declares, "A buyer must pay at the contract rate for any goods accepted."

9

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Presentment is a "demand or request for payment or performance, whether written or oral." *Gibson v. Cuellar*, 440 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981)). No particular form of presentment is required. *Id.* However, merely filing suit for a breach of contract, by itself, does not constitute presentment. *See Huff v. Fid. Union Life Ins. Co.*, 312 S.W.2d 493, 500 (Tex. 1958) (addressing predecessor statute).[12]

The claimant bears the burden of both pleading and proving presentment. *See, e.g.*, *Gibson*, 440 S.W.3d at 157 (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)). "The purpose of the presentment requirement is to allow the party against whom the claim is asserted an opportunity to pay it or tender performance within 30 days after they have notice of the claim without incurring an obligation for attorney's fees." *Id.* (citing *Jones*, 614 S.W.2d at 100).[13]

---

[12] *See also Gutierrez v. Wright Lawfirm, PLLC*, No. 05-10-00725-CV, 2012 WL 1898950, at *6 (Tex. App.—Dallas Apr. 27, 2012, no pet.) (mem. op.); *Belew v. Rector*, 202 S.W.3d 849, 857 (Tex. App.—Eastland 2006, no pet.); *Harrison v. Gemdrill Int'l, Inc.*, 981 S.W.2d 714, 719 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Evans Cooperage of Houston, Inc. v. Port Drum Co.*, No. C14-92-00966-CV, 1994 WL 7243, at *4 (Tex. App.—Houston [14th Dist.] Jan. 13, 1994, writ denied) (not designated for publication); *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 (Tex. App.—Austin 1991, no pet.); *Mackey v. Mackey*, 721 S.W.2d 575, 579 (Tex. App.—Corpus Christi 1986, no writ).

[13] The parties dispute when exactly presentment must be made, and this court appears to have conflicting precedent on the subject. *Compare Caldwell & Hurst v. Myers*, 714 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Proper presentment is the assertion of a claim and a request for payment made 30 days before initiation of a suit."), *with Peissel v. Peissel*, 620 S.W.2d 796, 800 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ) ("The rule in Texas is presentment of the claim must be made at least 30 days before trial, even if made after the suit is filed."), *and Cano v.*

10

Generally, presentment is an issue of fact. *See id.* at 157 n.7 (trial court's finding of presentment was a finding of fact, not a conclusion of law); *see also France v. Am. Indem. Co.*, 648 S.W.2d 283, 286 (Tex. 1983) (trial court erred to conclude that the plaintiff was not entitled to attorney's fees when there was some evidence of presentment; "At the very least, a fact issue was raised here as to presentment."); *cf. Roylex, Inc. v. Avco Cmty. Developers, Inc.*, 559 S.W.2d 833, 838 (Tex. App.—Houston [14th Dist.] 1977, no writ) ("Since the evidence on presentment was conclusive, that issue did not have to be submitted to the jury."); *Turner v. Lubbock Cnty. Hosp. Dist.*, No. 07-96-0272-CV, 1998 WL 3554, at *5–6 (Tex. App.—Amarillo Jan. 6, 1998, no pet.) (not designated for publication) (finding reversible jury charge error because the issue of presentment "should have been submitted to the jury for determination" when the evidence was disputed).

When, as here, the issue of the amount of attorney's fees is found by the jury without a request for a jury finding on the issue of presentment, Rule 279 of the Texas Rules of Civil Procedure operates so presentment is deemed found. *See Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 720 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (deemed finding on presentment); *Atkin v. Cobb*, 663 S.W.2d 48, 53 (Tex. App.—San Antonio 1983, writ dism'd) (same). Appellants now challenge the sufficiency of the evidence to support the deemed finding. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228–29 (Tex. 2011) (deemed findings may be reviewed for

---

*Nino's Paint & Body Shop*, No. 14-08-00033-CV, 2009 WL 1057622, at *7 (Tex. App.—Houston [14th Dist.] Apr. 16, 2009, no pet.) (mem. op.) ("Presentment may be made either before or after filing suit, provided it is made at least 30 days before judgment."). Because we hold that Store Fixtures failed to prove presentment under the latest timeframe possible—30 days before judgment—we need not resolve when presentment must be made.

sufficiency of the evidence); *see also Adams*, 754 S.W.2d at 720 (legally sufficient evidence supported deemed finding on presentment).[14]

Store Fixtures contends that it proved presentment in a number of ways: (1) by sending appellants an invoice; (2) by making a demand for payment during the credit card dispute; (3) by providing appellants discovery responses showing a claim for breach of contract; and (4) by engaging in settlement negotiations and orally making a demand for payment during those negotiations. We address each contention in turn.

## A.    Invoice

Store Fixtures contends that Genender admitted to receiving an invoice as well as having the credit card charge reversed, "thus constituting non-payment of the invoice." Evidence that the plaintiff sent an invoice to the defendant can satisfy a plaintiff's burden to prove presentment. *See Gordon v. Leasman*, 365 S.W.3d 109, 116 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Roylex, Inc.*, 559 S.W.2d at 838. But Store Fixtures cites to Plaintiff's Exhibit No. 1, which is not an "invoice" but rather a "quote" dated April 18, 2011. It is undisputed that this quote was prepared several weeks before appellants agreed to purchase any shelving—before any contract was formed—and it did not reflect the parties' actual agreement as to the amount of shelving and cost of shipping.

Because no contract then existed, Store Fixtures had no breach of contract claim against appellants, and there was no "just amount owed" to Store Fixtures.

---

[14] An award of attorney's fees must be reversed if there is no evidence of presentment. *See Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 516–17 (Tex. App.—Dallas 2013, pet. denied) (trial court correctly granted JNOV denying attorney's fees because there was no evidence of presentment); *Border Gateway, L.L.C. v. Gomez*, No. 14-10-01266-CV, 2011 WL 4361485 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet.) (mem. op.) (trial court abused its discretion in a bench trial by awarding attorney's fees because there was "no evidence" of presentment); *Edinburg Meat Prods. Co. v. Vernon Co.*, 535 S.W.2d 432, 437 (Tex. Civ. App.—Corpus Christi 1976, no writ) (sustaining "no evidence" point on presentment issue).

Accordingly, Plaintiff's Exhibit No. 1 is not evidence of presentment as a matter of law. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 817–19 (Tex. 2006) (plaintiff's demand for underinsured motorist benefits made before a court signed a judgment on the motorist's liability and damages was not evidence of presentment as a matter of law because at the time of the alleged presentment there was no contractual duty to pay; when there is no contractual duty to pay, there is no "just amount owed" under Section 38.002; reasoning that a contract claim requires the existence of a duty or obligation that the opposing party has failed to meet); *cf. McNeil v. BMC Software Inc.*, 306 Fed. App'x 889, 894 (5th Cir. 2009) (employee's request that employer promise to pay a bonus that had not yet accrued was not presentment as a matter of law; at the time of the request, there was no "just amount owed" and no "claim" to present; request for a party to meet its future contractual obligations is not a claim for a just amount owed).[15]

## B.      During the Credit Card Dispute

Store Fixtures contends that it presented its breach of contract claim by "inform[ing] the credit card company during the credit card dispute that it would seek legal action if the charges were reversed," and by making a demand for payment "during the entire dispute." Store Fixtures cites Defendant's Exhibits Nos. 26 and 32.

Defendant's Exhibit No. 26 is a one-page document titled "chargeback notification" apparently sent from "merchant services" to Store Fixtures to notify Store

---

[15] Although not cited by Store Fixtures on appeal, Plaintiff's Exhibit No. 3 is an "invoice" contained in this the record. It is dated May 3, 2011, the date that appellants paid for the shelving on Genender's credit card. But it shows a "Payments/Credits" of the full amount of the invoice and a "balance due" of $0.00. This does not show a demand for payment on an existing claim for a just amount owed. Further, we note that Store Fixtures contends that nonpayment occurred when the credit card charge was reversed. But Store Fixtures' president testified that Store Fixtures never demanded payment or contacted Genender about a contract claim before initiating suit in the justice court. There is no evidence that Store Fixtures sent an invoice to appellants showing a balance owing—no demand for payment.

13

Fixtures of the chargeback and explain what Store Fixtures could do to contest the chargeback. This document does not show a demand for payment from Store Fixtures.

Defendant's Exhibit No. 32 consists of about ninety pages of documents from Bank of America Merchant Services, Store Fixtures' merchant account provider. Appellants had requested, among other things, any and all records reflecting "any communications by Chase, Merchant Services, and/or the parties." We have reviewed the exhibit. It contains no demand for payment from Store Fixtures.

## C. Discovery Responses

Store Fixtures contends that it presented its claim by providing appellants "discovery responses," which "show[ed] Plaintiff's claim for breach of contract, the basis of the claim and it[s] claim for damages." Store Fixtures does not cite to the record for this assertion nor describe in any way how a demand for payment was made through its "discovery response."[16]

## D. Settlement Negotiations

Finally, Store Fixtures contends that it orally presented its claim to appellants' counsel during settlement negotiations. As evidence, Store Fixtures first cites to Plaintiff's Exhibit No. 6, which consists of copious billing records from Store Fixtures' lawyers. Store Fixtures refers to an entry for July 12, 2012: "confer with opposing counsel re: potential to resolve." Evidence that the parties participated in settlement negotiations, without more, is no evidence of presentment. *See Border Gateway, L.L.C. v. Gomez*, No. 14-10-01266-CV, 2011 WL 4361485, at *9 (Tex. App.—Houston [14th

---

[16] We have reviewed Exhibit C to Store Fixtures' response to appellants' motion to disregard the jury's answer to Jury Question No. 5 regarding attorney's fees, which is Store Fixtures' response to appellants' request for disclosures. The document does not demand payment of the claim but rather explains the legal theories and factual bases for the claim. Regardless, the trial court would have abused its discretion by considering the document for the same reasons articulated below in Part IV.D of this opinion regarding the affidavit.

14

Dist.] Sept. 20, 2011, no pet.) (mem. op.). Such evidence is insufficient to prove presentment because it does not satisfy the purpose of the presentment requirement: to provide the defendant with "the opportunity, by undertaking specific action, to avoid paying attorney's fees." *Belew v. Rector*, 202 S.W.3d 849, 856–57 (Tex. App.—Eastland 2006, no pet.) (evidence that counsel "had some settlement discussions" was insufficient).

Next, Store Fixtures refers to an affidavit from its counsel, Jerrad Bloome, where he testified that he made a demand for payment of the invoice amount to appellants' counsel on July 12, 2012. However, Store Fixtures filed this affidavit after the jury had reached a verdict, only in response to appellants' motion to disregard the jury's answer to Jury Question No. 5 concerning attorney's fees. Appellants objected to the trial court's consideration of the affidavit,[17] but the trial court overruled the objection.

Although a trial court has discretion to permit additional evidence to be offered at any time, "in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." Tex. R. Civ. P. 270. Here, the issue of presentment was controverted. Appellants had pleaded in their answer that Store Fixtures failed to present its claim, and appellants objected during trial to the submission of Jury Question No. 5 because Store Fixtures had failed to offer any evidence of presentment. After the jury's verdict, appellants filed a motion to disregard the jury's finding on attorney's fees and an amended JNOV on the issue because there was no evidence of presentment. At the hearing on the post-verdict motions, after the trial court had overruled appellants' objection to the affidavit, the trial court allowed appellants to make a record about the lack of presentment. Counsel for appellants, Jan Fox, testified that she had no records of any July 12 conversation with Bloome, that it would have been her practice to

---

[17] Appellants objected because the affidavit was "an improper and untimely attempt to supplement the record before the jury."

document such a conversation, and that no such conversation occurred based on her records.[18]

Under these circumstances, the trial court abused its discretion by reopening the evidence on a controverted matter after dismissing the jury, and the trial court should have granted appellants' motion to disregard the jury's finding on the issue of attorney's fees and entered judgment accordingly. *See Helping Hands Home Car, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 516–17 (Tex. App.—Dallas 2013, pet. denied) (trial court correctly granted JNOV on attorney's fees and refused to reopen the case for evidence of presentment because "the evidence is insufficient to show Specialties met the procedural requirements for the award"); *see also Univ. of Tex. at Austin v. Ables*, 914 S.W.2d 712, 718 (Tex. App.—Austin 1996, no writ) (trial court abused its discretion under Rule 270 by considering evidence about the amount of attorney's fees after the jury's verdict; rendering take-nothing judgment on attorney's fees), *cited with approval in Hatfield v. Solomon*, 316 S.W.3d 50, 67 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Because there was no evidence before the jury to support a deemed finding that Store Fixtures presented its claim to appellants, we sustain appellants' third issue.[19]

## V.   CONCLUSION

Appellant's first and second issues are overruled, but appellants' third issue is sustained. We modify the trial court's judgment to delete the award of attorney's fees—in particular, the following paragraph:

---

[18] Although Bloome testified before the jury about the amount of his fees, he did not testify about the alleged July 12 demand.

[19] Because we conclude Store Fixtures failed to prove presentment, we do not address appellants' contention that Store Fixtures failed to plead presentment. *See* Tex. R. App. P. 47.1.

16

It is hereby ORDERED that Jamie Michele Genender and Critter Stuff, L.L.C., jointly and severally, pay to USA Store Fixtures the amount of $38,000, representing the reasonable and necessary attorneys' fees in this case and a contingent award of attorneys' fees in the amount of $20,000 if this case is appealed to the Court of Appeals, and $20,000 if this case is appealed to the Supreme Court of Texas.

We affirm the trial court's judgment as modified.


/s/     Sharon McCally
        Justice



Panel consists of Justices McCally, Brown, and Wise.

# APPENDIX 11

CAUSE NO. _CV21COS4635_

_USA Store Fixtures, LLC_ , Plaintiff

_14535 Kenny St._ , Address

_Houston, TX 77015_ , City

vs.

_John Michele Gerads_ , Defendant

_22c E. Lake St._ , Address

_S. Wes Lake, WIS. 53170_ , City

IN JUSTICE'S COURT

JUSTICE PRECINCT NO. 3

POSITION 1

HARRIS COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES-NOW the above style Plaintiff complaining of the above style defendant and for cause of action would show the court as follows:

I.

THAT the defendant may be served at the above stated address.

II.

THAT the defendant is legally indebted to the plaintiff in the sum of $ _10,000_ based upon the following facts: _Defendant, John Michele Gerads, purposefully intended to defraud USA Store Fixtures LLC from financial gain by refusing payment on her credit card. Defendant also acted outside of her title and personally defamed and slandered this company in writing. Invoice $2,352.47. Damages for slander 7,647.53_

III.

THAT plaintiff reserves the right to plead further orally upon trail of this matter.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that citation be served on Defendant and upon hearing of this cause Plaintiff be awarded judgment against Defendant in the above amount, court cost and for such other relief to which Plaintiff may be entitled.

_President of USA Store Fixtures LLC_
Plaintiff's Signature

Subscribed and sworn to before me, this the _17th_ day of _October_ , 20 _11_ .

_____
Notary Public, State of Texas / Clerk of Court

_____
Judge Mike Parrot / Justice of the Peace
Precinct 3-1, Harris County Texas

11484-04-06
A

111

**19**

# APPENDIX 12

USA STORE FIXTURES, LLC § IN THE

VS. § COUNTY CIVIL COURT AT LAW NO. 1

JAIME MICHELE GENENDER § HARRIS COUNTY, TEXAS

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jamie Michele Genender, Defendant in the above entitled and numbered cause, and makes this, her First Amended Original Answer and Original Counter Claim, and would show the Court the following:

### I.

### GENERAL DENIAL

1. Defendant generally denies all of the allegations contained in Plaintiff's Petition pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure.

2. Defendant demands a trial by jury.

### II.

### AFFIRMATIVE DEFENSES

3. Subject to and without waiving the foregoing, Defendant asserts and raises the following affirmative defenses:

1

a. Defendant asserts the affirmative defense of failure of consideration.

b. Defendant asserts the affirmative defense of failure to mitigate damages.

c. Defendant asserts the affirmative defense of estoppel.

d. Defendant asserts the affirmative defense of truth in response to Plaintiff's allegations of libel and slander.

e. Plaintiff's defamation, slander, and libel claims are unreasonable, frivolous, vexatious, and/or brought to harass Defendant.

III.

ORIGINAL COUNTERCLAIM

Defendant and Counter-Plaintiff Critter Stuff, LLC makes this its' Original Counterclaim against Plaintiff USA Store Fixtures and would respectfully show the Court as follows:

A. BACKGROUND

1. This action arises from a sales contract between USA Store Fixtures and Critter Stuff, LLC, of which Jamie Genender is shareholder and agent, for the sale and delivery of the parts to construct some thirteen various shelving units. The order was finalized and agreed upon on May 3, 2011 at which time a Critter Stuff, LLC credit card was charged for the sale, $2,303.42. The specified and agreed upon shipping dates came and went with no delivery. Only after Genender made multiple efforts at communicating with the company were the items actually shipped. Immediately upon arrival, the general defective and ramshackle nature of the goods was noted, including specific damage so severe as to make some parts unusable. Beyond even this there were multiple pieces missing from the order. These issues were noted by Critter Stuff's employees on site at the time of delivery on the shipping receipt and notice was sent to the USA Store Fixtures email immediately as per USA Store Fixtures' Return Policy. The reply stated that

2

there should have been extra parts delivered in case of damage. These turned out to be an unusable collection of broken peg board and mismatched scrap which did nothing but add to the sizable shipping cost Critter Stuff, LLC had absorbed. The USA Store Fixtures reply went on to indicate that Defendant and Counter-Plaintiff should assemble the shelves and determine what was missing or too badly damaged so that they could be replaced. This was attempted and found to be largely impossible due to the incomplete and inoperative nature of the items delivered. To date, no replacement part or reimbursement has ever been delivered to Defendant and Counter-Plaintiff. Critter Stuff, LLC agent Jamie Genender made multiple efforts to contact the Plaintiff and Counter-Defendant to rectify the situation. After being verbally assaulted and threatened by USA Store Fixtures' President, Defendant and Counter-Plaintiff ceased contact and was forced to get shelves from another provider in order to meet the store's grand opening deadline. At this point, Defendant disputed the validity of the credit card charge of $2,303.42, whereupon Plaintiff immediately filed suit with the Justice of the Peace.

## B. CAUSES OF ACTION

### 1. Deceptive Trade Practices Violations

a. USA Store Fixtures, LLC committed the following false and misleading acts, which constitute violations of the Deceptive Trade Practices Act, §17.46(5), (7), (9), (12), and (24):

1. The goods provided were deteriorated to the point of not being functional for the purpose and use represented by USA Store Fixtures. §17.46(b)(5)

2. The quality of the goods provided fell so far below the standard represented as to be unusable. The types of items provided also differed from those listed in the invoice. §17.46(b)(7)

3. The advertising on Store Fixture USA's website represents that used shelving may have superficial dings and scratches but that "it will still perform for what you need it to do most."

3

This is patently untrue, as many of the parts were so defective as to fail to perform as shelving. §17.46(b)(9)

4.     USA Store Fixtures, LLC's Return Policy as displayed on its website represents that materials delivered damaged are subject to valid claim so long as their inferior quality is noted on the delivery receipt with the driver's signature at the time of delivery, photographs are taken of the damaged parts, all original packaging is retained, and the damaged goods are reported within three days of delivery. Defendant and Counter-Plaintiff complied with all of these requirements and was never furnished replacement parts or reimbursement. §17.46(b)(12)

5.     Had USA Store Fixtures fully disclosed the level of disrepair and shabbiness that these used shelves were in, the half measures and disorganization involved in shipping, and the disdain, crudeness, and threats that constitute its customer service, Defendant and Counter-Plaintiff never would have entered into the sale agreement. USA Store Fixtures, LLC failed to make such disclosures, although the extent of the incompleteness and damage and the method of dealing with customers, as in the instance described, were known to the seller at the time of the transaction. §17.46(b)(24).

6.     Each of the foregoing violations committed by USA Store Fixtures, LLC was committed knowingly, entitling Defendant and Counter-Plaintiff to treble damages. §17.50(b)(1)

2. Breach of Contract

a. Defendant and Counter-Plaintiff and USA Store Fixtures entered into a written Contract for the purchase of shelving, and Counter-Plaintiff performed all conditions precedent to entitle it to performance by USA Store Fixtures, LLC on the Contract. USA Store Fixtures, LLC breached that Contract, through failed and refused performance, by not delivering goods as promised.

IV.

4

## ATTORNEYS' FEES

As a result of the facts alleged above, it has become necessary for Defendant and Counter-Plaintiff to retain the services of Jan Woodward Fox, P.L.C., licensed and practicing attorney in Harris County, Texas, to defend against the claims brought by Plaintiff and Counter-Defendant herein and to prosecute its counterclaims herein. Jamie Genender is entitled to the recovery of her reasonable attorneys' fees incurred in said defense and prosecution, for which it now prays.

## C. PRAYER FOR RELIEF

WHEREFORE, PREMESIS CONSIDERED, Defendant and Counter-Plaintiff prays for the following relief:

(a) That Plaintiff take nothing from Defendant and Counter-Plaintiff;

(b) An order dismissing with prejudice all of USA Store Fixtures' claims against Defendant and Counter-Plaintiff;

(c) Actual damages;

(d) Treble damages;

(e) Attorney's fees;

(f) Pre- and post -judgment interest; and also such other and further relief to which it may justly be entitled.

Respectfully submitted,

JAN WOODWARD FOX,
A Professional Legal Corporation

By: _____ *

(Signed with permission)

5

Jan Woodward Fox
State Bar No. 07334500
The Lyric Centre
440 Louisiana, Suite 900
Houston, Texas 77002
(713) 623-8600 (telephone)
(713) 807-1758 (facsimile)

ATTORNEY FOR DEFENDANT AND
COUNTER-PLAINTIFF ,
JAMIE MICHELE GENENDER

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent, by certified mail, return receipt request, and/or by regular U.S. mail, and/or by messenger, and/or by facsimile transmission or electronically transmitted by the Court on the ___30 th___ day of ___July___, 2012, to the following counsel of record:

Jerrad Bloome
Weycer, Kaplan, Pulaski & Zuber
11 Greenway Plaza, Ste. 1400
Houston, Texas 77046
Facsimile: (713) 961-5341

_____ *
Jan Woodward Fox

(Signed by permission)

7

**134**

# APPENDIX 13

CASE NO. CV31C005463

1016718

PLAINTIFF: USA STORE FIXTURES LLC     COURT NO. IN JUSTICE COURT
                                                JUSTICE PRECINCT NO. 1
VS.                                             POSITION 1
                    C.C.C.L. #1                 HARRIS COUNTY, TEXAS

DEFENDANT: JAIME MICHELE GENEDER

## ANSWER

The Defendant denies being legally indebted to the plaintiff in the sum of $10,000.

The Defendant did not purpose fully intended to deprive USA Store Fixtures from financial gain by refusing payment on the credit card. The invoice ( #10025) was paid in full by credit card. The charges went into dispute after several attempts were made by Defendant to have plaintiff replace the damaged goods, ship the missing items and products from said order. (see attached)

The Defendant did not act outside her title. The Defendant, spoke with the company, placed the order, received less than the order, broken parts and misc scraps of metal in a box. (see attached )

The Defendant did not defraud or slander the USA Store Fixtures company. The Defendant contacted and attempted several times to give the Plaintiff the opportunity to fill the order as per the invoice. They also stated they would replace the missing items and the damages verbally and in an email. After several attempts made by the Defendant to the Plaintiff requesting a date when the missing items and damaged items will be send, the President of the company, Larry Kirkwood became very hostile. The Defendant asked for the items that were paid for, or an adjustment in the bill. The Planitiff verbal attacked and threatened me. It was best at this time to try and resolve this matter through the credit card company. (see attached) It was not until it was disputed with the credit card company, that a law suit was filed.

The Defendant prays for relief that this citation/court case be dismissed, and the bill adjusted accordingly to what the Defendant received, minus damaged items that are not usable at all, and box of scrap metal.

DATE: 11/01/2011
SIGNATURE: _Jamie M. Genender_
PRINT NAME: Jamie Michelle Genender
ADDRESS: 220
(STREET) Lake Street
(CITY) Silver Lake
(STATE) Wisconsin
(ZIP) 53170
PHONE: 224 489 8884
Form No. H-01-60 (Rev. 01/01/2011)

Subscribed and sworn to before me, this the _____1_____ day of _November_, 2011.

Notary Public Seal / State of Wisconsin _____

Number of Pages _34_

17

# APPENDIX 14

CV-Judgment for Defendant

**1016718**      **E.C.C.L. #1**

Case Number: CV31C0054635

| | | |
|---|---|---|
| USA STORE FIXTURES LLC | § | In the Justice Court |
| 14538 KENNY ST | § | Harris County, Texas |
| HOUSTON, TX 77015- | § | Precinct 3, Place 1 |
| Plaintiff | § | |
| vs. | § | 14350 WALLISVILLE ROAD |
| JAIME MICHELE GENDER | § | SUITE 102 |
| 220 E LAKE ST | § | HOUSTON, TX 77049-4135 |
| SILVER LAKE, WI 73170- | § | |
| Defendant | | |

**Judgment For Defendant**
**Before the Court**

This the 05/23/12 came on to be tried in its regular order the above-styled and numbered cause, wherein the above named Plaintiff(s) and Defendant(s) came in person and/or by their attorneys and announced ready for trial, and neither party having demanded a jury, all matters in controversy, of fact and of law, were submitted to the Court sitting without a jury; and the pleadings, evidence and argument of counsel having been heard by the Court, it is the opinion of the Court that the Plaintiff should take nothing by his suit; that the Defendant, go hence with his costs without day and that execution issue in Defendant's behalf for his said costs.

Rendered and signed on: 5/23/2012

JUDGE MIKE PARROTT
Justice of the Peace, Precinct 3, Place 1
Harris County, Texas

FILED 2012 JUL -3 PM 3:33

JU15H

CVJDCT41
Page 1 of 1

123

**67**

# APPENDIX 15

FILED
12 September 11 P2:12
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1016718

| | | |
|---|---|---|
| USA STORE FIXTURES, LLC | § | IN THE COUNTY CIVIL COURT |
| | § | |
| VS. | § | AT LAW NUMBER ONE (1) |
| | § | |
| JAMIE MICHELE GENENDER | § | HARRIS COUNTY, TEXAS |

[CONSOLIDATED WITH]

CAUSE NO. 1016719

| | | |
|---|---|---|
| USA STORE FIXTURES, LLC | § | IN THE COUNTY CIVIL COURT |
| | § | |
| VS. | § | AT LAW NUMBER TWO (2) |
| | § | |
| CRITTER STUFF, LLC | § | HARRIS COUNTY, TEXAS |

*Amended* AS.

**PLAINTIFF USA STORE FIXTURE'S ORIGINAL PETITION**

**COMES NOW,** Plaintiff, USA STORE FIXTURES, LLC ("USA") and files this Original Petition complaining of the acts of JAMIE MICHELE GENENDER and CRITTER STUFF, LLC ("Defendants"); and in support thereof, will show the Court as follows:

**I. Introduction**

USA is in the business of selling used shelving and fixtures to businesses and individuals. Defendants purchased shelving from USA. Defendants, after receipt of the merchandise, disputed the credit charge and had the charge reversed. Defendants have failed to pay for the merchandise which it is currently using in its business.

**II. Discovery Level**

This matter should proceed under a Level 1 discovery plan under the Texas Rules of Civil Procedure.

{USA003/00003/0739718.DOCX;1/JDB }

125

**141**

### III. Parties

Plaintiff is USA Store Fixtures, LLC is a limited liability company duly formed and authorized under the laws of the State of Texas.

Defendant Jamie Michele Genender is an individual resident of Wisconsin and has already an appearance in this matter and can be served by serving her attorney of record.

Defendant Critter Stuff, LLC is a limited liability company duly formed and authorized under the laws of the State of Wisconsin and has already made an appearance in this matter and can be served by serving its attorney of record.

### IV. Venue and Jurisdiction

This court has jurisdiction over this matter as it is an appeal from Justice Court and within the jurisdictional limits of the Court. Venue is proper in Harris County as it is the proper venue for the appeal as well as a substantial portion of the actions related to this matter occurred in Harris County, Texas.

### V. Facts

On or about May 3, 2011, Defendants entered into a contract by way of a purchase order/invoice with USA. Defendants agreed to pay for the merchandise, and was well aware that the merchandise was "used" and being sold "As-Is, Where-Is." Defendants received the merchandise and are utilizing the merchandise. Despite the fact that the merchandise was not returned and is continued to be used by Defendants, almost 2 months after receiving the merchandise, Defendants filed a "chargeback" on the credit card transaction. As a result of the chargeback, Defendants never paid for the merchandise which it failed to return and continues to utilize. The chargeback was not initiated by Defendants until almost a month after receipt of the merchandised from USA.

{USA003/00003/0739718.DOCX;1/JDB }                    2

# VI. Causes of Action

## *Breach of Contract*

USA and Defendants entered into a valid, enforceable contract for the purchase of goods. USA performed its obligations under the contract. Defendants have breached the contract by failing to pay for the goods pursuant to the contract. As a result, USA suffered damages for which it now sues.

## *Negligent Misrepresentation, Fraud and Fraud in the Inducement*

Defendants made certain representations regarding payment for the goods that USA delivered as inducement to USA to enter into the Contract. USA relied upon those representations, which were false, to its detriment. Defendants made those representations with the intent that USA rely upon them. As a result of the misrepresentations made by Defendants, USA suffered actual damages for which it now sues.

## *Quantum Meruit*

In the alternative, USA provided Defendants with goods for which Defendants were aware that USA expected payment. Defendants are utilizing the goods and have failed to pay for the goods. As such, Defendants are unjustly enriched to USA's detriment. USA has suffered damages for which it now sues.

### *Attorneys' Fees*

As a result of Defendants' actions and inactions, USA retained legal counsel, and pursuant to applicable statutes and common law, USA demands all reasonable attorneys' fees incurred in this Lawsuit.

WHEREFORE, Plaintiff USA STORE FIXTURES, LLC requests that Defendants JAMIE MICHELE GENEDER be cited to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against Defendants for the following:

1. All actual, special and consequential damages incurred by Plaintiff;

2. Attorneys' fees, including conditional awards in the event of an appeal;

3. Pre- and post-judgment interest at the maximum rate permitted by applicable law;

4. All costs of Court; and

5. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:/S/ Jerrad D. Bloome
    JERRAD D. BLOOME
    State Bar No. 24001755
    Eleven Greenway Plaza
    Suite 1400
    Houston, Texas 77046
    Telephone: (713) 961-9045
    Facsimile: (713) 961-5341

ATTORNEYS FOR USA STORE FIXTURES, LLC

{USA003/00003/0739718.DOCX;1/JDB }          4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Petition has been forwarded via facsimile on September 11, 2012, to:

Ms. Jan Woodward Fox
440 Louisiana, Suite 900
Houston, Texas 77002
(713) 807-1758 (facsimile)

By: /S/ Jerrad D. Bloome
JERRAD D. BLOOME

# APPENDIX 16

# JUDGE MIKE PARROTT
### JUSTICE OF THE PEACE
### PRECINCT3, POSITION 1
### HARRIS COUNTY,
### TEXAS





14350 WALLISVILLE ROAD
HOUSTON, TX 77049-4135

TEL 713-450-2409
FAX 713-451-8074

June 5, 2012

Stan Stanart
Harris County Clerk
P O Box 1525
Houston, Texas 77251-1525

CV31C0054635

USA STORE FIXTURES  LLC
VS:
JAIME MICHELE GENDER

Dear Mr. Stanart:

Enclosed please find the above referenced case that has been appealed by Plaintiff, USA STORE FIXTURES LLC.

If you have any questions, please contact us at 713- 450-2409.

Yours very truly,

Carolyn R. Lawson
Civil Department

cc: File

**73**

# APPENDIX 17

REPORTER'S RECORD
VOLUME 4 OF 8 VOLUME
TRIAL COURT CAUSE NO. 1016718
APPELLATE COURT NO. 14-14-00048-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/31/2014 12:31:43 AM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| USA STORE FIXTURES, L.L.C. | : | IN THE COUNTY CIVIL COURT |
| | : | |
| VS. | : | AT LAW NUMBER ONE (1) OF |
| | : | |
| JAMIE GENENDER and CRITTER STUFF, L.L.C. | : | HARRIS COUNTY, T E X A S |

_____

TRIAL PROCEEDINGS

_____

On the 22nd day of August, 2013, the following proceedings came on to be held in the above-entitled and numbered cause before the Honorable Debra Ibarra Mayfield, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

LETTIE B. WITTER, CSR          713-368-6613

Q    You don't remember posting a negative comment?

A    No, I don't.

Q    Okay.  If you did post a negative comment would that be the action --

MS. FOX:  Objection, Your Honor.

THE COURT:  Yeah, we talked about it.

MR. BLOOME:  Your Honor, at this time we would like to show the video that is Defendant's 35, which is the video that was taken by the private investigator of the store.

THE COURT:  Okay.  No audio.

MR. BLOOME:  No audio.  I can make sure there's no audio.

*(Video, Defendant's Exhibit No. 35, published without audio.)*

THE COURT:  You can go back on the record.

Q    (By Mr. Bloome)  And, again, Ms. Genender -- Genender, I'm sorry.  You believe you rejected the entire shipment on the day of delivery, correct?

A    Yes, I do.

Q    And you believe a reasonable time for USA Store Fixtures to have come and picked up that product after the rejection would have been immediately?

A    They could have picked it up any time.  It was ready any time they wanted it.

THE STATE OF TEXAS

COUNTY OF HARRIS

I, LETTIE B. WITTER, Official Court Reporter in and for County Court at Law No. 1 of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $5,244.50 and was paid/will be paid by Jan Woodward Fox.

WITNESS MY OFFICIAL HAND on this the 30th day of March, 2014.

                    __/s/ Lettie B. Witter _____
                    Lettie B. Witter, CSR 6772
                    Expiration Date: 12/31/2014
                    Official Court Reporter
                    County Civil Court at Law No. 1
                    Harris County, Texas
                    201 Caroline Street, 5th Floor
                    Houston, Texas 77002
                    Telephone (713) 368-6613

LETTIE B. WITTER, CSR     713-368-6613

135